*247 OPINION of the Court, by
Judge Bibb.-
— To an action of trespass of assault and battery, the appellants pleaded each separately, several pleas, to which the ap-pellee replied, and thereupon issue was joined. The jury were sworn to try the issue, and found the defendants guilty in manner and form as the plaintiff declared, wherefore they assessed his damage to S 397 50. The defendants in that action moved for a new trial, which motion was overruled, and to that opinion of the court they took a bill of exceptions, stating that evidence had been permitted to go to the jury “ that the defendants broke the door of the plaintiff’s house, and kept him confined therein for some time, which the jury did probably consider in making their verdict in the case. The defendants’ counsel urged this as a reason for granting a new trial, because such evidence was not legally admissible upon the declaration in this case ; and also the assault and battery was slight, leaving no mark of *248 violence. For t’nesecauses,and others assigned, the coun* sel ^05"defendants” moved for a new trial-The court in overruling the motion and in signing the bill of exceptions certify, “ that no objections were made to any testimony that was admitted.” — that the court did not see an}’ cause for setting aside the verdict; that there was proof of actual battery, by one of the defendants before the attempt upon the hquse by the rest; and also of an apparent general intention among the defendants to beat the plaintiff—
The battery being proved, the purfuit of the plaintiff In. to his own houfe,and keep iug him there befet in’ fear3 were proper dr. cumftances in aggravation of damages.
In new trials fcrexceííive da# mages, where the action founds In dama, ges without any medium for the adjuflment, the rule is that the damages mail be outrageously exceflive at fir ft blufh,
The court ihould caufe the motion and cau-fes for new trial to be reduced* to writing by the applicant, and enter, ed of record, before they act fcipon theappli-
Against the judgment rendered on the verdict, two objections are made,
1st. That by the transcript of the record it appears “ there were several issues, and a verdict on the general issue onlv.”
2dly. That the court erred in refusing a new trial,
Substantially, the finding of the jury is against all the pleas, for if any one had been in favor of the defendants, the jury could not have found for the plaintiff, and assessed damages for him. The jury having in substance found against all the pleas by assessing damages for the plaintiff, it was the duty of the court, or their clerk, to mould it into form.
The objection here can only be considered as going to form, not substance, and therefore not sufficient to reverse a judgment.
The bill of exceptions contains no cause for granting a new trial. The defendants having made no objection to the evidence in the course of the trial, ought not to be received afterverdict to makeone. lithe testimony had been objectionable, yet having permitted it to go to the jury sub silentio, they must be considered as having waived the.objection. The practice would be grievou§ to permit a party to wait the event of the verdict, and as he liked or disliked it, then to submit or object to the evidence which had been submitted to the jury. But the objection, if urged in proper time, ought not to have prevailed. The battery having been established, the manner and accompanying circumstances were proper in aggravation of damages. The pursuit of the plaintiff into his own house by breaking his doors, the confinement there through fear of battery, (as may be implied, from the bill of exceptions and certificate of the judge,) were certainly evidences of an atrocious assaultj and *249 proper for the consideration of the jury. The amount of damages was proper also for the consideration of the jury; it was within their peculiar province. Incases sounding merely in damages without any medium of admeasurement, the court should be very cautious in. setting aside a verdict barely for excess. If in such cases a new trial is granted for that cause, the rule is that the damages must be such, as that all men who hear the circumstances, would pronounce the damages outrageously excessive at first blush. The court who tried the cause was satisfied with the verdict, and the bill of exceptions does not exhibit even a suspicion that the damages were excessive. As to those other causes assigned for asking a new trial, by the bill of exceptions spoken of, this court cannot say any thing of their sufficiency or insufficiency, as neither the premises nor the conclusions have been specified. We suppose the defendants mean thereby that “ they moved for a new trial on the whole case” — a practice which should be discountenanced by courts, as it means in the general, an appeal to them to assume the province of the jury and retry the facts. If the party hath cause for new trial, it is easy to specify : and the court would act discreetly, to compel the applicant to reduce it to writing and enter it of record before they act upon the application. There is no error as the appellants have complained.

November 30th.

y on puJ ,⅛⅛. »>■<«* to an ac-uyn or assump. sit against exe-cumr or a.tmi. niftrator, the plamrirf must prove his de« m nd, — »Salk»' 296, Bull. N, t*. 140.
• Upon plea of jtiene aaminii* travit, the tin* ding of the debt, or dama« get* desi U9% conclude the issue of assets vel nettt
*249 Judgment affirmed.
THE appellants presented a petition for a reconsideration, upon which Judge Bibb delivered the opinion of the Court as follows : — The objection to the finding of the jury is, that it is not a response to any issue except that of not guilty, and therefore defective, uncertain and „ . ° ’ insufficient.
The case in 2 Wash. 301, has been cited where the jury fouhd the debt for the plaintiff, without expressly finding the value of assets, being sworn to try the issue of plene administravit. That case is not like the present, for two reasons : 1st. the plea admitted the debt, and therefore the jury had only found that which the plea admitted; 2dly. the plea of fully administered is falsified, if the jury find assets of the value of six pence only, and yet the executor or administrator is not charge *250 able for the whole debt, bat only to the value of the as* Sets. So where the a ;tion against the executor or administrator sounds in damages, the jury may assess the damages, the amount of which the plaintiff is bound to prove, notwithstanding the plea of plene administravit: and in these cases the finding of the debt or damages does not conclude the issue of assets vel non, because the plea is not a perpetual bar to the action, bur. only a suspension of it until assets shall come to hand ; upon such plea, the plaintiff may have judgment for assets quando acciderint. There is, therefore, no parallel between verdicts on such pleas and the verdict in this cause ; for the plaintiff therein could have no judgment unless all the pleas were falsified, ifeither was true it barred the action perpetually *
The decision in Rex vs. Woodfall (5 jBurr. 2661) not a fi: pte-cedent for an American court ÉO follüW.
In trespass upon not guilty and justification pleadedj if the jury assess damages for plaintiff, it is subftantially a finding against both issues for the plaintiff.
The case in 5 Burr. 2661, has been cited. That is the case where Woodfall was indicted of a libel for having published the letters of Junius ;■ where a printer, who had devoted his press to the cause of liberty and the people, and had nobly dared to print and publish truth, against the wishes of the ministry, was for so doing charged with wicked and malicious intentions, in an indictment charging the publications as false, and containing averments as to the meaning oí the libel, the subject matter, and the persons concerning which, and of whom it speaks ; with tnuendos filling up blanks, and laying the usual epithets : the jury found him u guilty ofprinting and publishing only.” Yet the court thought the verdict inconclusive, and awarded a venere facias de novo. To plain unsophisticated reason, the verdict was an acquital of every thing which constituted the essence of a libel. In a criminal case, at least, where the prosecution holds the affirmative of guilt, every thing not found by the jury in favor of the prosecution must be considered as negatived, or found for the accused. That verdict had not found the criminal intent, the truth of the averments, as to persons and matters spoken of: but. the court in that case thought it insufficient. Whilst the letters of the immortal Junius shall continue to be read, or whilst the trial by jury continues to be something more than a mere name, we hope the case of Rex vs. Woodfall will never be acknowledged as a fit example for an American court.
We are pleased that the subject in the petition has been again brought before the court, as it has furnished *251 an opportunity of satisfying every doubt which remained on the mind of any one of the members.
The case of Hawks vs. Crofton, 2 Burr. 698, is directly in point. That was an action of trespass, of assault and battery, charging special damages for a violent battery of the plaintiff, whereby he lost his arm. Upon the issues of not guilty as to"' the vi et armis ; and as to the special damage, son assault demesne, the jury found the defendant generally “ guilty of the trespass within written and assessed —— damages. Upon solemn argument the court were unanimous that the finding was sufficient, and the judgment for the plaintiff was affirmed. The rule laid down as to verdicts is a clear and just one : “ That though the verdict may not conclude formally or punctually in the words of the issue, yet if the point in issue can be concluded out of the finding, the court shall work the verdict into form, and make it serve. Verdicts are not to be taken strictly, like pleadings, but the court will collect the meaning of the jury, if they give such a verdict that the court can understand them.” These rules are not made by the case cited, but are therein recognized as established of old,
We can only say in this case, in the words of Mr. justice Wilmot in that, if the defendants had proved their justification, the verdict could not have been found as it is. The bill of exceptions taken by the defendants in the court below, exclude the idea of their having proved any justification.
Former judgment affirmed,.