*143 OPINION of the Court, by
J udge Owsmrv.
This is a contest for lands, under adverse titles. The appellants, whoi were complainants in the court below, chata tiro'^ffiagainrt%é;ap{ifellees7'elder patent, in virtúé of a tatitay Survey; bearing date in 1774. The relative *144 dignity of these claims is not contested ;• but the appel-lees contend the survey of William Byrd, under which the appellants derive title, does not cover the land in controversy.- Whether that survey does, or does not include the land in contest, is therefore the only question involved in the determination of this case.
It calis to lie on the south side, of the Ohio river, nearly opposite the first island above the falls; and describes the land as beginning at a hoop-ash, sycamore and elm. and running thence down the meanders of the river 215 poles to a Spanish oak, two hickory saplings and a dogwood, thence S. 37 E. 740 poles to a poplar and ash near a branch, thence N. 40 E. 212 poles to a dogwood, hickory and sugar tree, near a creek, thence N. 37 W. 786 poles to the beginning.
Opposite the upper end of the first island above;the falls, and binding on the river, there is delineated op. the plat a military survey in the name of William Souther-land, and by the certificate of survey it appears to have been made by Hancock Taylor, assistant surveyor, on the same day that of Byrd’s bears date.
The survey of Southerland presents a side above, nearly at right angles with the river, of 700 poles length, and in the certificate of survey describes the corner off from the river as being a poplar and ash, a corner to a tract of land surveyed for William Boyce, and as running from thence with his line N. 37 W. 700 poles, tp a maple, corner to said Boyce,, and thence down the river, See. The poplar and ash trees are proven to have correspondent marks, as well for Southerland’s survey as for one adjoining above; and it is also proven there exists a line of ancient appearance extending from the poplar and ash N. 29 E, 11° variant from the course called for in Byrd’s survey, 250 poles, to a dogwood also having the appearance of an anciently marked corner: and on the part of the appellants it is contended that the dogwood and the poplar and ash corners aforesaid constitute part of the boundary of their survey, which they urge adjoin’s that of Southerland’s above and binding upon the river.
That those corners were made before or about the time the survey of Byrd bears date, the evidence in the cause very satisfactorily and abundantly proves. Indeed, with respect to the poplar and ash, the evidences of Sondiisky expressly proves it to have been iharked about *145 that time. But for whose survey above Soatherláfid’s those corners were made, is the only question of any doubt. There is no evidence in the cause of their having been made'for the survey claimed by the appellants, except what results from the correspondence between the objects called fot* in the certificate of survey and those found upon the ground.
r ’That the accordance between the objects called for in Si certificate Of survey, and those found upon thé lahd, may be so perfect and Complete as to identify the latter ■With the former, is á proposition the truth of which We Shall hot Controvert. The evidence arising from such a coincidence Of objects, ishoweVer of a ■presumptive character, more or less probable as those objects in a greater or less degree correspond with each other. The accordance May be so perfect in every respect as to raise a violent presumption ; or it may be so slight as to raise ho presumption at all j or thebe taay fee such a reásoh-áble corréspímdénce in the objects as to produce a probable Resumption of, identity. But iri all such cases the presumption may he repelled by evidence aliunde.
‘ The presumption arising in the present casé from the Coincidence between the objects called for in 'Byrd’s certificate Of survey and those found upon the ground, cer-thinly cóndncés in a very slight degree to identify the former With the land in cóntést: for although the poplar and ash corner of Southerland’s, and the dogwood bonneb claimed by the appellants, as respects the frees Shd ártOieht marks, and also as respects their ContigWi-⅜/ to the first island above the falls, accord véry ¾⅜11 with the description contained in Byrd’s certificate of survey, yet when it is recollected that the line from the «poplar and ash corner to the river is 40 poles shorter than the line of Byrd as called for in the certificate, and When too it is also recollected the marked line from those corner trees to the dogwood corner varies from ' ’the course called for in the certificate, several degrees Moré than is usual for lipes of such surveys tqyary, the presumption which might otherwise arise becomes thereby considerably weakened. If, however, the pre-yspmption should be thought sufficiently Strong, in the absence of all extraneous circumstances, to identify the appellants’ survey, it cannot be so considered whejtf,ta-ken ⅜ connection With the other evidence exKilfii|<iin this caifse.
*146 Roth Douglass, who surveyed Byrd’s claim, aná Taylor, wlio certified the survey of Southerland, are proven to have been assisting in making the military surveys in that quarter of the country; and from the evidence of Soudusky, the inference is strong, that each of those men knew for whose survey the poplar and ash trees were marked as corners. Taylor, therefore, with this knowledge, having in Southerland’s certificate of survey described those trees as being the corner of Boyce, and not that of Byrd, furnishes a strong circumstance of its not being the corner of the latter, and when taken in connection with the variance between the line called for in Byrd’s certificate of survey and the marked line from the poplar and ash to the dogwood, tends satisfactorily to repel any presumption of those corners having been made for Byrd. This conclusion is furthermore fortified by the evidence of Breckenridge. He appears to have been well acquainted with the land in contest, nearly ever since the first settling of this country arid although having heard of Byrd’s claim, he at a Very early period made frequent examinations for the survey, he has never been enabled to find any evidences of it but what results from the aforesaid corners; but we áre told by him that the place where the appellants now claim their corner'should be on the river, that no such growth of timber can be found as is called for in Byrd’s certificate of survey.
Upon the whole, we are of opinion the evidence does not wai’rant the conclusion that Byrd’s survey was ever made upon the land in contest. The decree of the court below must therefore be affirmed with costs.