Judge Robertson,
delivered'the opinion of the Court.
We have never before seen such a record as the one in this case. An action of covenant was brought by Elate, in 1823, against Lewis’s executors, on a covenant charged to have been executed by their testator, for $ 14,000.
Jury and verdict for def’t.
Motion for new trial by pl’tff., and - overruled.
The errors assigned..
At the September term, 1821, of the court* the dcfendants filed three pleas.
At the June term, 1822, the plaintiff demurred to the first plea, and thereupon leave was given to the defendants to withdraw the plea, to which the plaintiff ex* cepls.
Plea No. 4 was then filed, to which plaintiff iobjected, but his objection being overruled, he replied; and it seems by a bill of exceptions, that pleas two and three were (hen withdrawn.
At the March term, 1824, the court suffered the defendants “to abandon the issue made on the fourth plea,” and to lodge two additional pleas, styled six and seven. To this the .plaintiff excepted.
At the June term, 1824, the court permitted the defendants to file pleas, six and seven, to which the plaintiff excepted.
These pleas are in effect, the same, both being virtually, special pleas, of non est factum, as were pleas one and four, which had been withdrawn. The plaintiff replied to pleas, six and seven; the defendants demurred to the replications, and the court sustained the demurrer. To this, the plaintiff also excepted; but by leave of the court, filed other replications; whereby issues were supposed to be made up.
At the June term, 1825, a jury was sworn to try “¿fie issue,” and found a verdict for the defendants.
The plaintiff moved for a new trial, principally orr the ground, that the verdict was contrary to evidence; and also, that the court erred in giving instructions to the jury, and in its refusing to give others asked for by the plaintiff; and also, that the court erred in exclud-' ing a record offered by the plaintiff.
The motion being overruled, the plaintiff appealed to this court, and has assigned the following errors, viz:
1st. It was error to permit the defendants to abandon the issue on plea four. 2d. It was error to permit pleas six and seven to be filed. 3d. It was wrong to sustain the demurrer to plaintiff’s replications. 4th. The court erred in rejecting the record offered *315 by the plaintiff. 5th. It was error to swear the jury to try “the issue,” when there wefc two issues. 6th. The issues were immaterial. 7th. The court in refusing the instructions asked for by the plaintiff, and in giving others.
pleadings,
Circuit court has discretion the thTpardes, uncontrolab,f> ?n,es.8 j^aticebe0" done‘
If a record of¿encelonot conduce to sustain ?r de‘ ^reject Tt*** ’ noterror, though bearlies p
In all this labyrinth of pleading, we see no fatal error, although many irregularities are exposed. The cause was unaccountably protracted. No sufficient motive is perceived for the extraordinary course manifested by the counsel, in their efforts to avoid a plain and direct issue between the parties. An issue of non est factum■, or of escrow, was the legal effect of the pleadings, when closed, and would have been of other attempts, which were permitted tobe ineffectual.
The counsel, however,.with a knowledge of all the facts, and for reasons no doubt satisfactory to themselves, have throughout, struggled to evade a direct or a general issue; and after unprecedented success in forcing each other for more than four years, closed on pleas six and seven; the issues on which are substantially the same, and both, in effect, the general issue, of non est factum.
■ The court had a discretion in regulating the pleadings, in the exercise of which, this court cannot control it, unless there had been palpable abuse, to.the prejudice of the plaintiff In the leave given to the defendants to withdraw pleas and file others, we see nothing prejudicial to the plaintiff, except the consequential delay, and for this the judgment cannot be reversed.
The plaintiff waived all objections to the decision on the demurrer, by replying over to the pleas.
There is no error in the rejection of the record offered. It was a record of a suit brought by. the defendants against the plaintiff for a breach of his covenant, in the writing on which this suit is brought. The suit by the executor against Bate, was instituted in 1825; and it does not appear whether it was founded on the same covenant exhibited in this case, or on its counterpart. The motive of the plaintiff for offering this record was, to show that the testator had accepted the covenant on the part of Bate, and consequently had executed and delivered, on his own part, that on which this suit is based.
When more than one issue, to, swear the jury to try ulke issuev- not er•rbr.
The hypothetical instruction given not objectionable ; to have instructed the jury absolutely would have been error*
If the record could, in any degree, have tended legb limately to create this presumption, it would have been relevant testimony. But this it could not do. It Would not show that the covenant to which it refers* is or is not, the identical one set out in this suit. The best and only evidence of this fact, would be the original covenant itself, which was filed, if any were filed.
The institution of the suit by the executors, is not evidence that they found the counterpart of the covenant among the papers of their testator, nor that the suit is founded on such counterpart,
It was not error to swear the jury to try “the issue.” This expression is collective, when there are more issues than one. When a jury is sworn to try “the. issue,” in a case in which there are several issues, it is intended that they shall try the whole case; and for this purpose all the issues are considered as one. Worford vs. Isbell, 1 Bibb, 247; Halcher vs. Fowler, Ib, 337. Besides, in this case, although there were two issues in form, there was only one in effect.
The issues were not immaterial. They were very informal; but that was the fault more of the plaintiff than of the defendants. There were two issues in the cause; if issue mean as we suppose it does, an affirma? tion of a material fact on one side, and a negation of it on the other.
Nor- can we admit that the court erred in the instructions which it gave, .or in its refusal to give them, as requested by the plaintiff.
The substance of the instructions given, is, that if the testator delivered the covenant unconditionally, as his deed, the jury should find for the plaintiff; but that if h.e did not deliver it, or it was not to be obligatory until something should be done by the plaintiff, which was never done, they should find for the defendants. There can be no good objection to these instructions. Those asked for by the plaintiff, demanded of the court, to decide on the proof, that certain facts established conclusively that the covenant was the act and deed of the testator. The court acted correctly in modifying the instructions as it did. Thus the whole law of the case was laid before the jury, in a simple and intelligible form,
When the evidence is such, that a jury might find forpl’tif. or def’t., no matter what the verdict, the court will not disturb it.
Wickliffe. and Denny, for plaintiff; Darby, for appellee.
The evidence in the case, is of such a character, as to justify a verdict by a jury, for either plaintiff or defendants. If they had found for the plaintiff, the court ought not to have awarded a new trial; as they have found for the defendants, this court cannot control the verdict, nor the judgment of the circuit court upon it. The evidence was such as to authorize the verdict which was given.
We are, therefore, of opinion that there is no error in the record in this case; wherefore, the judgment of the circuit court is affirmed.