Petition for a Re-hearing.
June 22.
The undersigned, counsel for the defendant in error, respectfully asks for a re-hearing of this case.
The true state of the case as exhibited by the record is this: Thomas Collier had in his possession, on his premises in Shelby county, two hundred and twenty four hogs, which he claimed as his own property.— Whitesides took them away and detained them. Collier filed his declaration in replevin, in the usual form, executed his bond, according to the statute, and sued out his writ of replevin, in conformity to his declaration. Whereupon, the sheriff levied upon one hundred and eighty six of the hogs so taken by the defendant White-sides, and they were re-delivered to Collier. At the trial, Whitesides avowed the taking of the hogs in the declaration mentioned: because that, before the.time of the taking mentioned in the declaration, he and the plaintiff entered inio partnership in the buying and selling of hogs, and, as partners, they, some time before said taking, had bought and acquired said hogs, and so held and possessed them until the time of said taking; when, the hogs *289 being on the premises of the plaintiff, and in his possession, as aforesaid, the defendant being partner and joint owner of the said hogs with the plaintiff, did take said hogs and remove them to another place in the county, and held them as partner &c. This avowry concludes with a verification and prayer, that he have judgment for a return of the said hogs. To this plea, the plaintiff demurred, and his demurrer was overruled by the Court. He then filed his plea, No. 1, “alleging that the said hogs were, at the time of the taking of the same by the defendant, the property of him, the plaintiff.” To this plea, the defendant demurred, and his demurrer was sustained. The plaintiff then filed his plea, No. 2, “ asserting absolute and exclusive property and possession in the said hogs, that he did not hold the same as partner with the avow-ant.” Upon this plea, issue was joined, and the jury brought in their verdict in these words: — “We, of the jury, find for the defendant Whitesides.” Collier moved the Court to set aside the verdict, and for a new trial, upon various grounds filed. The defendant Whitesides moved the Court for a judgment upon the verdict, and that he should have a return of the hogs, of which he avowed the taking. The Court took time until the ensuing term of the Court, to consider of this motion, and finally overruled it, and refused to render judgment for a return to the avowant, of the hogs taken under the plaintiff’s writ, but rendered judgment for the costs only.
The only error assigned, is in the refusal of the Court to render the judgment asked for by the avowant White-sides. The evidence given in to the jury does not appear in the record.
It has so happened, that Collier has not been heard; and the record presenting, as it is admitted, a novel case, I confidently rely that the Court will perceive nothing in the motives prompting this petition, incompatible with the most profound respect due to it. I am the more solicitous that the defendant in error should be heard, as from an examination of the brief filed by M. D. McHenry, as attorney for the plaintiff in error, and from a careful reading of the opinion delivered by the *290 Court herein, it is evident that the attorney for the plaintiff in error and the Court assume for a fact, that which does not appear in the record, and which never appeared in evidence to the jury, and which never in truth existed. The attorney for the plaintiff, in his statement of the case, says: “ Collier and Whitesides entered into partnership in buying and selling hogs; a large number of the hogs being in the possession of Whitesides; who claimed to hold them as partnership property, Collier set up exclusive claim to them, and replevied them from Whitesides,” &c. Thus assuming, not only that the verdict of the jury had “ascertained” and found the fact of an existing partnership between Collier and Whitesides in the hogs, but that Whitesides was the partner with whom the possession of the hogs continued after they were purchased, as alleged in ■ his avowry, and excluding from his brief, the fact, as it appears by the avowry of Whitesides himself, that his client, Whitesides, took the hogs from Collier, who had them in his possession on his own premises.” The Court, in its statement of the case, say: “Whitesides and Collier entered into partnership in buying and selling hogs. Collier had possession of a parcel of the partnership hogs, and White-sides, as partner, took them into his possession” &c. Thus in terms stating that, the two hundred and twenty four hogs taken from Collier by Whitesides, was but a parcel of the parnership hogs. No such fact appears in the record, and is wholly without foundation.
The undersigned regrets that the evidence given to the jury in this case, is not presented in the record. If it were, he is convinced that the improper impressions which, from a perusal of the opinion of the Court, it would seem the Court had received, of the conduct of Collier, and which has induced the Court to intimate that he was guilty of abusing the process of the law, to recover possession of property to which Whitesides had the right of possession, and that he had wrongfully sued out his 'writ, and had mode false claim of absolute right to the property replevied, would be speedily removed. So far as presumptions are to be indulged, they ought, in my opinion, to be favorable to Collier, from all that appears in *291 the record. The right of property is universally inferri-ble from the fact of possession. The law will not permit the possession of property to be disturbed and arrested, however wrongfully acquired or persisted in, unless by due process of the law. Notwithstanding Collier had possession of the hogs in his declaration mentioned, on his own farm, when Whitesides took them away, the Court in its anxiety to prevent the writ of replevin from being used as an instrument of injustice, overlooks those maxims which protect and afford respect to such possession, and, as it appears, is mainly anxious 'to restore and to preserve to Whitesides the possession of the hogs. Feeling the force of the principle that one partner cannot maintain trespass, trover or replevin against his co-partner, for the partnei’ship effects, the Court discovers that the law will be chargeable with the glaring injustice of permitting itself to be used as the instrument to obtain the possession of property without the ability to sustain-the possession, though afterwards, upon a full trial of the case, it should be made manifest that the defendant had the right to the possession, and the plaintiff had no cause of action, which could be sustained, and wrongfully sued out his writ, under false claim of absolute right to the property. Thus making the determination of the error assigned by the avowant, to depend upon the right-to the possession and other assumed facts. It nowhere appears in the record, that the defendant Whitesides had the right to the possession of the hogs, exclusive of Collier. The defendant, in his avowry, has not shown- that he had any more right to their possession, than the plaintiff in the replevin. If that fact is to have any influence, the inference is irresistible, that Collier had the right to the possession of the hogs. The verdict of the jury does not find any fact in issue between the parties. It is wholly vague, uncertain and inconclusive; and for that reason also, the Court below was induced not to render the judgment asked for. Hence all the conclusions drawn by the Court, from the assumption that White-sides had the right to the possession, entirely fail. The undersigned confesses he does not well perceive the pro *292 priety of the distinction between the right of possession and the right of property, as applied to remedies for the recovery of personal chattels. The right of property carries with it the right of possession, and the right of possession implies the right of property, for the time being, where personal effects are the subjects of controversy. The avowry of Whitesides justifies the taking, because, as he alleges, he enjoyed a joint property with the plaintiff Collier, in the hogs. The verdict of the jury, if it means, or can be construed to mean, any thing, certainly finds no fact not contained in the avowry. Now, I contend that the avowry itself was insufficient, and that the demurrer to it ought to have been sustained; and that the Court did not err in refusing the judgment moved for by the avowant. The reasons and principles which would and do sustain the demurrer, justify also the judgment of the Court upon the verdict. The writ of replevin is founded on a taking, and the right which the party, from whom the goods are taken, has to have them restored to him, until the question of title to the goods is determined. It lies only for him who has property, either general or special, in the goods taken; and, as regulated by the statute of this State, Collier must have had, also, possession of the hogs when they were taken from him, to entitle him to this writ. Collier had possession of the hogs, which Whitesides took away and removed from his premises, and had a general property in them. The avowry admits all this, and the Court has a right, as it has done, to look to that part of the record in support of that fact. Collier then was entitled to the writ, and to have the hogs restored to him, until the question of title should be determined: not the question of right of possession, but of title to the goods or chattels replevied. I insist that when the plaintiff in replevin has acquired possession of the goods taken from him, that he cannot be compelled to return them to the defendant until, in the course of the action, the defendant shows he is entitled to a return; and the defendant, to have a return, must, in his pleadings, claim a return, in addition to the matter he pleads. If the defendant jus *293 tifies the taking, and does not claim a return, he is not entitled to a return, and strictly only defends his conduct in the case. Whitesides, by his- avowry, has assumed the character of plaintiff, by, in addition to justifying, claiming, also, a return of the property. If he had omitted in his plea to claim a return of the property, and the fact of a partnership had been found by the verdict of the jury, as is alleged, he would unquestionably have been exempt from damages, and the property been permitted to remain with Collier, the original possessor; and no inconvenience whatever would have resulted to either party. But instead of this, he claims a return of the property, becomes thereby a plaintiff, seeking to recover fromhis alleged partner, the joint property. The Court say that Whitesides has established his right to the possession, being, as I understand the Court, a joint owner with Collier of the hogs; and because Whitesides was guilty, as the Court say, of no wrong in the withholding them from Collier, and as Collier has failed to show in himself an exclusive right to the property, and by his writ of replevin has ousted his partner, and gained the exclusive possession, it is proper that when the issue is found against his exclusive right, and in favor of the justification of the defendant, that the property should be absolutely restored to the defendant. Thus making Collier, the original possessor, whose rights are at least commensurate with those of Whitesides, restore to White-sides the partnership effects, because he has failed to show an exclusive right to them. He must restore them, not because, from the verdict of the jury, which should be the only guide to the Court, and from which the law should arise, it appears Whitesides was entitled to the possession; but because Whitesides, when he had possession, was guilty of no wrong in withholding them, and because Collier has ousted Whitesides, by his writ, and gained, as they say, the exclusive possession,' the Court, to punish him, must, in turn, by its judgment, determine that the property shall be returned to Whitesides — oust Collier of his present possession, and give the exclusive possession to Whitesides: for, in either event, the pos *294 session must be exclusive. The fact of the partnership is assumed to be established, and there cannot be any more danger, that Whitesides may be injured by permitting Collier to remain in possession, than that Collier should suffer by restoring the property to Whitesides. These considerations ought not, however, to have entered into the view of the Court. Nor ought the Court to have been influenced, in its decision, by looking to the probable effect of a suit upon the bond, if a return should not be adjudged. The Court, in this part of its opinion, say the plaintiff has failed to establish his right to the property, though he has established a partnership right with the defendant. Is not this a right which this Court will not undertake to molest — a right which gives to Collier equal right of possession with Whitesides? When the Court determines that Collier shall restore the possession to Whitesides, is not its judgment founded on the avowry in the form and nature of a declaration, asserting title, and claiming the possession, and upon the verdict of the jury upon the issue joined? Will not this unsettle forever the relations and rights existing between partners, and break down the principle, recognized by the Court itself, that trespass, trover or re-plevin, cannot be maintained by one partner against another? Let it be remembered, that it is at the suit of the avowant, claiming a return, that this judgment is rendered. The Court decide that Collier, because he was partner of Whitesides, could not maintain replevin: yet sanction the avowry of Whitesides, suing Collier, his partner, for a return to him of the joint property. The defendant can have no return when the avowry is ill, though the replevin is ill. Vin. M. title Replevin. The ground of objection in the Court below, to rendering judgment for a return of the property, was the uncertainty and vagueness of the verdict. The Court cannot give judgment upon an ambiguous finding, but the matter must be positively found. Show. 539. If the verdict doth not, in all things, answer the issue, it is a void verdict. It is error to give judgment against the defendant, upon a verdict that finds him guilty of the *295 premises. Pr. Sec. 69; 4 Bibb, 144; 2 lb. 178, 429; 1 Bibb, 248; Lit. Sel. Ca., 367. It is essentially necessary in replevin, that the verdict should be certain and posi-live, where the thing or goods are to be delivered according to the finding. '
All the points involved in the present question, necessarily arise upon the demurrer to the avowry. The Court below did not perceive the defect in the avowry, wherein the avowant prays a return of the property. It was this prayer that converted him into a plaintiff; and there is, I acknowledge, evident inconsistency in the Court below, in refusing the judgment asked for, if it were not that the ambiguousness of the verdict, rendered it impossible for the Court to give a judgment for a return of the property.
James C. Sprigg,

Attorney for defendant in error.

Upon the foregoing petition, a re-hearing was granted, and the cause, of course, stood over, for further argument at the ensuing term.
The cause has again been heard, at this term; and the result is, that the Court merely orders and directs, that the former Opinion and Decision shall stand unaltered.
October 25s,