Judge CnENsnAvr
delivered the opinion of the Court.
On the 12th day of February, 1848, Wiggs sold to Rogers a tract of land in the county of Franklin, and gave him a title bond. And, on the 24th day of April, 1849, Rogers brought his suit in chancery against Wiggs for a specific execution, if Wiggs could make a good title, and, if not, for a rescisión of the contract. At the February term, 1850, of the Franklin Circuit Court, said contract was, by a decree of said Court, rescinded.
In that suit in chancery, Wiggs failed to set up any claim for rents; and, on the 15th day of April, 1851, he instituted this action of assumpsit against Rogers for use and occupation. The general issue was pleaded with leave to either party to give in evidence any special matter. The jury found a special verdict, and the Court, being of opinion that the law was for the plaintiff, gave judgment for him for the amount of rents ascertained by the verdict of the jury.
It is now contended that the Court erred in rendering judgment for the plaintiff; that the judgment ought to have been for the defendant; that the plaintiff ought to have set up his claim for rents in the suit in chancery, brought for a rescisión of the contract, and that, not having done so, he is barred from any other proceeding to recover rents.
There is no doubt that the plaintiff ought to have set up any claim which he had for rents, in the suit in chancery, where the defendant, if he had any claim for improvements, could have set them off against the *505 rents, and a complete equitable adjustment of the rents and improvements could have been made. The rents and improvements were an equitable incident to the suit for rescisión, peculiarly appropriate to the suit in chancery, and not having been adjusted in that suit, J. . . , „ r 1 , ; we are ot opinion that a Court ot Jaw does not afford a remedy to recover either. .
Assumpsit for use on occupation Joes not Jie unless the relation of landlord and. tenant lias existed, and not then except upon express or implied "promise ion made at the time ot the demise, or an implied promise.
_ A vendee entering into possession under his purchase, is not such tenant as is liable in assumpsit for use and occupation:(Sue 6 ././¡«, Rep., 46, 13 lb. 49.
An action of assumpsit for use and occupation cannot be maintained, where the relation of landlord and ten- , . . , , , ant has not subsisted ; and not even then, at common law, except upon an express promise, made at the time of the demise. This rule, however, has been relaxed by our Court, so far as to perjnit a recovery in this action by the landlord against his tenant upon an implied assumpsit. But, still, the action cannot be sustained unless the relation of landlord and tenant has existed.
In the cases of Smith vs Stewart, (6th Johnson’s Rep., 46,) and of Banckraft vs Wardwell, (13th Johnson’s Rep., 491,) this principle is recognized, and laid down as the law, and it is there decided, that where a man enters as a purchaser, no such relation of landlord and tenant exists as will authorize the action of assumpsit for use and occupation. In the case of Smith vs Stewart, supra, the Court say: “Here the defendant did not enter under such a relation, (that is, as tenant to the plaintiff,) but under a contract fora deed.
And, in the case of Bancroft vs Wardwell, supra, they say: “If the defendant could be considered as holding at all, under, or by permission of the plaintiffs, it was as a purchaser, and not as atennnt. Such holding is not enough to maintain this action, according to to the decision of the Court in the case of Smith vs Stewart.”
When a man holds and cultivates land as a purchaser, he holds and cultivates it as his own, and not as the land of his vendor, and the law does not imply a promise to pay rent. And, when the Chancellor, upon a rescisión of a contract for the sale and purchase of land directs an account to be taken of rents and improve *506 ments, it is not upon the principle of an implied promise from one of the parties to the other, to pay for rents or improvements, but upon a principle of equity that neither party shall be enriched at the loss of the other, and that the parties should be placed as near as may be in statu quo.
Lindsey for appellant; Cates and Broten for appel-lee.
The plaintiff failed at the proper time, and in the proper forum, to insist upon his claim for rents. And he has now, in our opinion, applied to a tribunal that cannot, according to settled principles, afford him relief.
Wherefore the judgment is reversed, and the cause remanded, with directions that the judgment be set aside, and that judgment be rendered for the defendant.