Lee & Co. v. Bradway.

---

LEE & CO. v. BRADWAY.

1. Verdict: CORRECTION OF. Where, in a suit upon an account, the jury returned a general verdict for the plaintiff, without stating the amount thereof, it was held, when the issue was as to the *right* to recover, and not as to the *amount* of recovery, not errroneous for the court to call them together again, and direct them to retire and find the amount due plaintiff, they having found their verdict, sealed it and separated during an adjournment of the court.

2. —— VARIANCE: PLEADING. In such action the account sued upon purported to be in favor of Rhodes Lee & Co. against Bradway, but the case was entitled *Lee & Co.* v. *Bradway* in the petition and all of the other papers in the case. The verdict was in favor of the plaintiff, as stated in the account. It not appearing that plaintiffs were not the same parties in whose names the account was made out, and it being probable from matters in the record, that Rhodes was merely the Christian name of Lee, the court refused to disturb the verdict.

*Appeal from Jasper District Court.*

FRIDAY, JUNE 26.

SUIT upon an account for goods sold, originally brought before a justice of the peace. Jury trial before the justice and in the District Court, each resulting in the same verdict for plaintiffs. The defendant appeals.

*Seevers & Cutts* for the appellant.

*Lindley & Ryan* for the appellees.

COLE, J.— This action was brought upon an account for a stove and trimmings "bought by the defendant for the use of one Patrick Reriden on the original promise and undertaking of defendant to pay therefor." The account was annexed to the petition before the justice and was made out in the name of Rhodes Lee & Co., and was for twenty-five dollars and seventy cents. The case was entitled "*Lee & Co.* v. *Bradway*," in plaintiffs' petition, in the justice's docket and return, and in all the papers filed and journal entries in the District Court. The verdict and judgment before the justice, were for the amount of the account as claimed.

1. VERDICT: correction of.

On the trial in the District Court, and after the cause was submitted to the jury, they retired to consider of their verdict, with directions (by consent of parties) that if they agreed during the adjournment of court, they might seal

their verdict and separate. The court then adjourned for one hour. The jury agreed during the adjournment, sealed up their verdict and separated. On the meeting of the court the verdict was opened and read as follows: "We the jury find for the plaintiffs." At the request of plaintiffs' counsel, against the objection of defendant's counsel, the court called the jury into the box and directed them to retire and find the amount due plaintiffs; they did retire and shortly after returned a verdict for plaintiffs for the sum of twenty-five dollars and seventy cents. All which was duly excepted to by defendant. Motions to set aside the verdict and for new trial were made, based on these rulings. They were overruled, and thereupon the first error is assigned.

It is apparent from the pleadings in the case, that there was no controversy between the parties as to the *amount* of plaintiffs' claim, but the sole point of difference was as to the right of plaintiffs to *recover at all* from this defendant. The verdict of the jury simply "for the plaintiffs," as first returned was as decisive of the rights of the parties, and as fully manifested the intent of the jury as when it specified the amount of recovery. Indeed, in view of the issues, the subsequent retirement of the jury was no more than the putting of their verdict in form. This point, in substance, has been frequently ruled in this court. See *Gordon et al.* v. *Higley*, 1 Mor. 13; *Harrell* v. *Stringfield*, id. 18; *Cane* v. *Watson*, id. 52; *Phillips* v. *Runnels*, id. 391; *Wise* v. *Hine*, 1 G. Greene, 62; *Wright* v. *Phillips*, 2 id. 191; *Herring* v. *The State*, 1 Iowa, 205; *MacGregor et al.* v. *Armill*, 2 id. 30; *Tifield* v. *Adams*, 3 id. 487; *Cook & Owsley* v. *Walters*, 4 id. 72; *Bass* v. *Hanson*, 9 id. 563; *Morrison* v. *Overton*, 20 id. 465; *Hamilton* v. *Barton*, id. 505. See also Rev. § 3084; *Brannin et al.* v. *Foree et al.*, 12 B. Mon. 506. The case of *Fromme* v. *Jones*, 13 Iowa, 474, is not in con-

flict with the rule established in the other cases cited. There was no error, in this particular, in the action of the District Court.

The next error assigned is, that the verdict was rendered in favor of Rhodes Lee & Co., and not in favor of the plaintiffs in this case, Lee & Co. As stated above, the claim sued on was in the name of Rhodes Lee & Co., the verdict of the jury before the justice, as in the District Court, was in favor of the plaintiffs, by the name of Rhodes Lee & Co. No objection was made that the plaintiffs were not the same parties as those in whose names the account sued on was made out. It is probable, from this and other matters in the record, that Mr. Lee's name was Rhodes Lee, and that the discrepancy in this case is no more than it would be if Smith & Co. should sue upon an account in favor of John Smith & Co. and recover a verdict in that name. If the plaintiffs were styled "Lee & Co." for an abbreviation, while the full name was in fact, as stated in the account and verdicts, Rhodes Lee & Co., such variance or discerepancy ought not to defeat a verdict. No prejudice can possibly happen to defendant thereby. These are, in substance, the only errors assigned. There was no error, and the judgment will stand

<div style="margin-left:2em"><strong>2. —— variance: pleading.</strong></div>

Affirmed.