JUDGE HABDIN
delivered the opinion op the court.
This was a proceeding, in the nature of an action of assumpsit, for the recovery of one hundred dollars upon .an implied promise of the appellants to pay the appellees for the ■ *596 use and occupation of land in their possession as lessees for a number of days, during which it appears the appellants, without express contract or permission, moored five rafts of logs at the shore .of the Ohio River in the occupancy of the appellees as tenants as aforesaid; and it resulted in a judgment for the plaintiffs for fifty-five dollars, from which this appeal was taken.
The right of a riparian owner of the bank of a navigable river to recover in an appropriate action damages sustained by trespasses committed on his land, though done in connection with the navigation of the river, or for any unauthorized obstruction or occupation of the shore, especially if not necessitated by the exigencies or perils of navigation, was fully recognized by this court in the case of Morrison v. Thurman, &c., 17 B. Mon. 249.
But it is equally well settled that assumpsit can not be maintained for use and occupation unless the relation of landlord and tenant has existed between the parties, and not then except upon an express or implied promise of payment. (Rogers v. Wiggs, 12 B. Mon. 504; Richmond and Lexington Turnpike Company v. Rogers, decided at the present term; Taylor’s Landlord and Tenant, sec. 636.) It is true the law will, under certain circumstances, imply both the relation of landlord and tenant and a contract to pay rent; but generally no such implication can arise if there was no tenancy in contemplation between the parties.
The evidence in this case does not warrant the presumption of any agreement or expectation on the part of the appellants that they should pay for the privilege or convenience of mooring their rafts at the river bank in the appellee’s possession. It does not appear'from the evidence that the appellees had improved the shore as a wharf, or provided upon it the means of fastening boats or rafts, or done any act intended to subserve the convenience of boatmen or raftsmen from *597 which an agreement to pay for such convenience could reasonably be implied.
We are of tbe opinion therefore that tbe judgment is not sustained by the evidence.
Wherefore tbe judgment is reversed, and tbe cause remanded for a new trial, and other proceedings not inconsistent with this opinion.