FRANCIS CHALFANT & W. G. MORRIS *v.* O'BANNON ASBURY.

**Trial—Verdict for Debt—Judgment May Include Interest.**

"We the jury find for the plaintiff six hundred dollars as claimed in the petition." Upon this verdict a judgment was rendered for six hundred dollars with interest from the date of the note.

Held, that the verdict was in substance for the debt in the petition mentioned, and such a verdict authorized the court to render a judgment for the amount due and the interest thereon.

**Interest—Lex Loci Contractus—Presumption—Burden of Proof.**

The note sued on was executed in the State of Ohio, and appellants insist that no judgment could be rendered for the interest without first ascertaining, without proof, the rate of interest in that State.

**Held,** that any indebtedness incurred or evidenced by judgment or decree rendered out of this State shall be presumed, unless the contrary be shown, to bear like interest as if it had been incurred in this State. The burden of proof is on the party charged to show the rate of interest where the note or contract was executed.

### APPEAL FROM BRACKEN CIRCUIT COURT.

### September 22, 1871.

OPINION BY JUDGE PRYOR:

The testimony of the witness Goldsburg establishes the partnership between himself and his co-defendants in the purchase and sale of tobacco, and the appellants are, therefore, liable on the note. The note is as follows: "Due O. N. Asbury on demand six hundred dollars," signed F. L. Goldsburg & Co., and dated Cincinnati, August 8, 1867. The petition alleges the agreement to pay on the 8th of August, 1867, and the non-payment of the money although often demanded. The jury upon the issue of *non est factum* made by appellants returned into court this verdict: "We, the jury, find for the plaintiff six hundred dollars as claimed in the petition," and upon this verdict a judgment was rendered for six hundred dollars with interest from the 8th of August, 1867. The note was due the moment it was executed by the appellants, and no demand was necessary, and the verdict was in substance for the debt in the petition mentioned, and such a verdict authorized the court to render a judgment for the amount due and the interest, as decided in the case of *Brannon & Smith v. Foree's Administrator,* 12 *B. Mon.* 506. The note was executed in the State of Ohio, and the appellants insist that no judgment could be rendered for the interest without first ascertaining without proof the rate of interest in that State. This rule of law has been changed by the *Revised Statutes,* 2d vol., page 65, as follows: "That any indebtedness incurred or evidenced by judgment or decree, rendered out of the State, shall be presumed, unless the contrary be shown, to bear like interest as if it had been incurred, or the judgment or decree rendered in this State." The burden of proof is now upon the party charged to show the rate of interest where the note or contract was executed, otherwise

the rate of interest in this State will control. If the clerk, when entering the judgment, made it bear interest when it should not, it was a clerical misprision to be remedied as procided by sec. 580 of the code of practice. No motion was made in the court below to correct the judgment, and if heard upon the motion for a new trial as contended for by appellants' counsel the result would have been the setting aside the verdict and judgment for a mere clerical misprision. We are of the opinion, however, that the judgment was properly entered. The refusal to permit the Cincinnati directory to be read as evidence did not prejudice the appellants, and could not, so far as we can perceive, have affected the verdict of the jury.

Judgment affirmed.

*Menzies, Furber, for appellants.*

*James Harlan, for appellee.*