CASE 28.—ACTION BY HUGH DARLINGTON'S ADMINISTRATRIX AGAINST THE PITTSBURG, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO. FOR CAUSING DEATH OF INTESTATE.—June 17.

# Pittsburg, C., C. & St. L. Ry. Co. v. Darlington's Admx.

Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

EMMET FIELD, Judge.

Judgment for plaintiff.   Defendant appeals.—Affirmed.

1. Trial—Verdict—Construction.—The courts view the findings of the jury with great leniency, and indulge every reasonable presumption in aid of a general verdict.
2. Same.—In construing a verdict, the intent of the jury is to be sought in the language used in the verdict, interpreted in the light of the record, and for that purpose resort may be had to the pleadings or other parts of the record.
3. Same—Consideration of Evidence.—Though the evidence is not made a part of the record in the manner pointed out by Ky. Stats. 1903, section 4639, the court may consult its own recollection of the evidence, as well as the files of the court. in order to understand what the jury meant by its verdict.
4. Same—Completion of Record.—Where, in order to arrive at

Pittsburg, C., C. & St. L. Ry. Co. v. Darlington's Admx.

the meaning of the jury in its verdict, it is necessary to consider the evidence which has not been made a part of the record, the court may require the record to be completed by bill of exceptions or bill of evidence.

5. Same—Certainty.—A verdict, written by a German-American, finding for plaintiff, and reciting that the jury "fix the blame on the P. Railroad Company," is not rendered uncertain by the fact that the word "blame" is written "plame."

6. Same.—In an action against the A. Railroad Company for death of a passenger, the evidence showed that defendant and the Pennsylvania Railroad Company were subsidiary to and owned by the "Pennsylvania Company," and that defendant's road was generally known as the "Pennsylvania Railroad." On the trial defendant company was repeatedly alluded to by counsel and the witnesses as "Pennsylvania Railroad Company." The jury returned the following verdict: "We, the jury, find a verdict for the plaintiff to the amount of $10,000 and fix the blame on the Pennsylvania Railroad Company." Held, that the name given the defendant in the verdict may be considered as its nickname, or alias, and the verdict was sufficiently certain to support a judgment against defendant.

7. Judgment—Conformity to Verdict.—A judgment on the verdict adjudging that plaintiff was entitled to recover $10,000 and costs "against the A. Railway Company, sometimes called the Pennsylvania Railroad Company," was proper in form, and not inconsistent with the verdict.

8. Trial—Verdict—Codefendants.—A verdict against but one "defendants imports a finding in favor of a codefendant.

9. Appeal and Error—Harmless Error—Verdict.—A defendant against whom a verdict is rendered cannot complain that the jury failed to embrace in its verdict a finding in favor of a codefendant.

CHARLES H. GIBSON for appellant.

On the trial of this case against two defendants the jury returned the following verdict: "We, the jury, find a verdict for the plaintiff to the amount of $10,000 and fix the plame on the Pennsylvania R. R. Co." We submit that on the face of the record, the verdict as returned did not warrant the entry of any judgment.

Two defendants were sued in their respective corporate names, viz: The Louisville & Nashville Railroad Company; The Pitts-

Pittsburg, C., C. & St. L. Ry. Co. v. Darlington's Admx.

burg, Cincinnati, Chicago & St. Louis Railway Co.    Each defend-
ant was charged with such negligence—joint, separate, and con-
current—as resulted in Darlington's death.    Manifestly but one of
three verdicts could properly be rendered:
    First, a verdict for both defendants.
    Second, a verdict against both defendants, joint or several. ·
    Third, a verdict against one defendant and for the other.

IRA JULIAN and FORCHT & FIELD for appellee.

## POINTS AND AUTHORITIES.

Statement—This action was against the Louisville & Nashville
R. R. Co. and the Pittsburg, Cincinnati, Chicago & St. Louis Ry.
Co.; the jury returned a verdict for plaintiff for $10,000, fixing
the blame on the "Pennsylvania R. R. Co.;" judgment was entered
against the Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co.,
"sometimes called the Pennsylvania Railroad Co."    The P., C., C.
& St. L. Ry. Co. appeals questioning the sufficiency of the verdict
to support the judgment.
    1.    Where a verdict is returned against one of two defendants,
it should be construed as a verdict in favor of    the    other
defendant.    (Ill. Cent. R. R. Co. v. Murphy's Admr., 30 Ky. Law
Rep., 93,    97 S. W. 729; 22 Ency. Plead. & Prac., 959, 957; Hand-
ley v. Lawley, 90 Ala., 427; Maynard v. Powder, 75 Ga., 664;
Howard v. Johnson, 91 Ga., 319; Sternberger v. Bernheimer, 121
N. Y., 194; Gulf, &c. Ry. Co. v. James, 73 Tex., 12; Mo. Poe. Ry.
v. Kingsbury, 25 S. W., 322; Jones v. Grimmet, 4 W. Va., 104;
Westfield Gas Co. v. Abernathy, 8 Ind. App., 73; Alexander, &c.
Co. v. Painter, 1 Ind. App., 587; Kinkler v. Junica, 84 Tex., 116;
Spineer v. N. Y. &c. R. R. Co., 62 Conn., 242; McKee v. Cun-
ningham, 84 Pac., 260; James v. Evans, 149 Fed., 136; T. & P.
Ry. Co. v. Huber, 95 S. W., 658.)
    2.    Where a verdict is returned against one of two defendants,
the unsuccessful defendant cannot complain that its co-defendant
was not mentioned.    (111 Cent. R. R. Co. v. Murphy's Admr.,
30 Ky. Law Rep., 93,    97 S. W., 729.)
    3.    Verdicts are to be upheld if the intention of the jury can
be ascertained.    The verdict is to be construed in the light of
pleadings and evidence, and an informal verdict will stand if
reference to pleadings and record will' supply the deficiency.
(22 Ency. Plead. & Prac., 959, 955; Brannin, &c. v. Foree, &c.,
12 B. Mon., 506; Miller, &c. v. Shackelford, 4 Dana, 264; Pickett
v. Richet, 2 Bibb, 178; Worford v. Isbel, 1 Bibb, 247; Crozier v.

Gano, 1 Bibb, 257; Buckeye Engine Co. v. ——, 61 S. W., 263; Baker v. Thompson, 89 Ga., 486; State v. West, 45 La. Ann., 928; Wilson v. McCrilles, 50 Mich., 347; Miller v. Hospital Assoc., 73 Mo., 242; Smith vs. Shields, 194 Pa. St., 635; Cooper v. State, 20 S. W., 979; Hobeck v. Com., 28 Gratt., 922; Mark v. Bensley, 74 Wis., 112; Ft. Wayne v. Hardendorg, 72 N. E., 593; Ind. St. Ry. Co. v. Johnson, 72 N. E., 571; C. I. & L. R. Co. v. Woodward, 72 N. E., 558; Gillespie v. Ashby, (——) N. Y., 649; Atkins v. Winter, 122 Ga., 644; Lee & Co. v. Bradwery, 25 Ia., 216; Red River, &c. Co. v. Stine, 32 Minn., 95; Austin, &c. Co. v. Makemson, 27 S. W., 588; Fay & Co. v. Richmond, 18 Mo. App., 355.)

4. In the case at bar, the transcript of testimony shows that in the taking of testimony appellant was not even once referred to before the jury as the "Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co.," but was called the "Panhandle" 73 times, and the "Pennsylvania" 36 times, its own counsel and employes using these names. The intention of the jury to find against appellant when it used the name "Pennsylvania R. R. Co." is, therefore, clear, and the verdict supports the judgment.

5. The error in the verdict was one which did not affect the substantial rights of appellant and is immaterial. (Civil Code, 137, 756, 338.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—Affirming.

Hugh Darlington was killed in a collision between a train operated by appellant and one operated by the Louisville & Nashville Railroad Company, which were using the same track. His administratrix sued both the railroad companies to recover damages for the destruction of his life, charging each with negligence. The result of the trial, which was conducted, so far as the court's rulings went, in unobjectionable manner, was the following verdict: "We, the jury, find a verdict for the plaintiff to the amount of ten thousand dollars and fix the blame on the Pennsylvania Railroad Company." The Pennsylvania Railroad Company was not sued in the action. But the appellant, though a separate corporation, is a subsidiary

corporation of the Pennsylvania Railroad Company. Both are owned by a common owner—the Pennsylvania Company. It was a common thing for appellant to be called "The Pennsylvania Railroad" as being a part of that system, and so classed in popular understanding. During the progress of the case before the jury it was alluded to several score times by counsel and witnesses as the "Pennsylvania Railroad Company," or as "The Panhandle," the latter being also a popular, and probably an advertised, name of appellant's route. It was rarely called by its true name during the trial. The issues being tried by the jury were two: One whether the death of Darlington was due to the negligence of the defendants, or to his own negligence; the other, if not to the negligence of both the defendants, but was due to the negligence of either, which was to blame?

The instructions submitted these issues in apt language. The trial lasted two days. The jury's verdict shows, first, that they found for the plaintiff $10,000, thereby finding the fact to be that decedent did not come to his death by his own negligence, and that under the measure of recovery submitted by the court $10,000 was fixed as the value of the life which was destroyed. The only thing remaining, then, for them to do was to say whether either company was alone guilty of the negligence which resulted in the injury, as otherwise both would have been liable, and the judgment would have gone against them jointly. In language not artistic, but leaving no doubt of the jury's meaning, they "fixed the blame" on one of the defendants alone, thereby exonerating the other. If appellant's proper name had been written in the place of "Pennsylvania Railroad Company," there would have been no room for contesting the sufficiency

of the verdict.   Jurors are gathered from every walk
of life.   Very frequently, perhaps most generally,
they are not men of literary learning.   Their choice
of expression is very apt to be not exact; their ver-
dicts being frequently ungrammatical and rarely
couched in the terminology of the law.   Hence courts
view the findings of the jury with great leniency, and
every reasonable presumption is indulged in aid of a
general verdict.   The main thing is to get an under-
standing of what the jury intended.   Their intent is
to be sought for in the language they used in their
verdict, interpreted in the light of the record.   Resort
may be had to the pleadings or other parts of the
record to see what the jury meant by their verdict.
Brannin & Smith v. Foree's Admr., 12 B. Mon. 506;
Miller v. Shackleford, 4 Dana, 264; Picket v. Richet,
2 Bibb, 178; Worford v. Osbel, 1 Bibb 247, 4 Am. Dec.
633; Adams v. Landrum, 9 Ky. Law Rep. 287; Buck-
eye Engine Co. v. Buckwalter (Ky.), 61 S. W. 263, 22
Ky. Law Rep. 1706; 22 Enyc. Pl. & Pr. 955-959; Lee
v. Bradway, 25 Iowa, 216; Red River & L. & N. Co. v.
Strue, 32 Minn. 95, 20 N. W. 229; Austin Water, Light
& Power Co. v. Makemson (Tex. Civ. App.), 27 S.
W. 588.

Appellant concedes that the record may be looked
to in the interpretation of the verdict.   But it contends
that the record does not include the evidence, but is
only that part which constitutes the roll, and which is
consequently preserved in writing before the court.
Under the practice in this State, the evidence may be
taken, by order of the court, by the court's official
stenographic reporter, and is made, when so taken a
part of the record in the case.   Section 4639, Ky.
Stats., 1903.   But we are inclined to the opinion that,
in the absence of such statute, the court was at lib-

erty to consult his recollection of the evidence, as well as the files of the court, in order to understand what the jury meant by their verdict. The reason for admitting the latter admits the former also. In the case of Buckeye Engine Co. v. Buckwalter, supra, we said: "Under the evidence and instructions the verdict of the jury, 'We, the jury, agree and set aside the amount sued for,' clearly means that the jury found against appellant on the account." It was there held that the usual expression in the reported cases, "a verdict is good if its meaning may be understood in the light of the record," included the evidence in the case. For that matter, the instructions of the court to the jury may not become a part of the record until identified by a properly signed bill of exceptions. Nor, in some instances, can the evidence be. Nevertheless both are before the trial court and within his knowledge. He may and should have resorted to either as well as to any other part of the record in arriving at the jury's meaning, so that it might be carried out in the judgment which is to be entered upon the verdict. The court will then, if necessary to perfect the record, and to sustain the verdict, require the record to be completed by a properly prepared bill of exceptions, or bill of evidence, as was done in this case, so as to show truly what had occurred in the trial. In the verdict above quoted the word "blame" is spelled "plame." The verdict was written by a German-American. No one is in doubt as to the meaning of the word, whether spelled correctly or spelled phonetically according to its writer's pronunciation. On the whole, we have no doubt that the jury intended to find, and did find, by the verdict, against appellant. The name given it may be regarded as its nickname or alias. There can be no rational doubt as to the cer-

tainty of their meaning in this matter, in the light of the record, including the evidence. The court in rendering judgment upon the verdict adjudged the plaintiff to recover $10,000 and costs "against the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company," which we think was not an improper form of judgment, and fully explains what might otherwise, at first glance, seem an inconsistency between the verdict and judgment.

Appellant also complains that the verdict was incomplete, in that it did not pass upon the question of the liability of the defendant the Louisville & Nashville Railroad Company. But we think it did. The effect of the verdict, and the evident intent of the jury, was to find that the Louisville & Nashville Railroad Company was not negligent in the matter. It was equivalent to a verdict in its behalf, and the judgment should have been accordingly. I. C. R. R. Co. v. Murphy's Admr., 123 Ky. 787, 97 S. W. 729, 30 Ky. Law Rep. 93, 11 L. R. A. (N. S.) 352; Handley v. Lawley, 90 Ala. 527, 8 South. 101; Maynard v. Powder, 75 Ga. 664. But whether the Louisville & Nashville Company may not have ground for complaint because a judgment was not rendered in its behalf on this verdict is not ground for complaint by this appellant. I. C. R. R. Co. v. Murphy, supra.

Judgment affirmed.