## Hackworth, et al. v. Ashby.

(Decided September 30, 1915.)

### Appeal from Shelby Circuit Court.

1. Trial—Instructions—Issues and Theories.—Both sides are entitled to instructions presenting their respective theories of the case.
2. Negligence—Joint and Several Liability.—Where one was injured while riding in an automobile as the guest of its owner, as the result of a collision with another car, negligence upon the part of the driver of her car does not excuse the operator of the other car if he was also negligent and such negligence either caused or contributed to the injuries; if her injuries resulted from the joint or concurring negligence of both, she may recover from either.

BARRICKMAN & KALTENBACKER and BEARD & PICKETT for appellants.

WILLIS, TODD & BOND for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Miss Dicye Ashby sued W. S. Hackworth and A. J. Bartlett, partners doing business as the Shelbyville Garage & Repair Company, to recover damages for injuries sustained by her in a collision between an automobile operated by the defendants and one in which she was riding, as the guest of its owner and driver, Frank Carrithers. She obtained a verdict and judgment in the sum of $2,750.00, and the defendants appeal.

The collision occurred about dark on the evening of August 21, 1913, on the State Pike connecting Shelbyville and Frankfort, and at a point a short distance east of Shelbyville, near a culvert which is located at the foot of a slope in either direction.

On this hill or slope to the west of this culvert (that is, toward Shelbyville), a quantity of stone had been placed along the south wheel-track of the pike, preparatory to road repairs. This stone continued from a point near the top of the hill down to a point about fifty steps from the culvert. The culvert was about twenty feet wide.

The defendants' car, a large one weighing about forty-five hundred pounds, was proceeding eastwardly, that is, from Shelbyville toward Frankfort. It was driven by Andrew Meehan, defendants' chauffeur, and occupied by the defendant, Hackworth, his wife, and a number of children and adult guests.

The Carrithers car weighed about twenty-three hundred pounds. It was proceeding westwardly, that is, toward Shelbyville. It was driven by its owner, and occupied by the plaintiff, Miss Dicye Ashby, her mother, her nephew, Ed Ashby, and also a Mr. Mefford, who had just participated in an automobile accident and whom in virtue of the camaraderie of the highway, they were taking to Shelbyville.

The two cars collided on or near the culvert, and the plaintiff, Miss Ashby, was thrown through the windshield and severely and permanently injured.

It seems undenied that defendants' driver, in approaching the culvert, as he came down the hill from the west, kept to the north wheel-track of the pike (although that was the wrong side of the road for him), on account of the stone piled along the south wheel-track.

As has been mentioned, this stone continued to a point about fifty steps from the culvert; and where that stone ended, the conflict of evidence in this case begins. Defendants' evidence shows that when their driver reached the lower end of the stone, he then turned over to the south wheel-track of the pike, and that their car was running on the south side of the center of the pike, or in fact had been brought to a standstill when the Carrithers car swerved from his side of the road and ran into them. On the other hand, plaintiff's evidence is to the effect that defendants' car did not go over to the south wheel-track after reaching the lower end of the stone piles, but con-

tinued straight ahead and ran into the Carrithers machine while it was proceeding slowly several feet to the north of the center of the pike. It was also shown by plaintiff that there was a hole in this culvert about five feet from the south end thereof, and therefore in the south wheel-track, and it is claimed by plaintiff that this accounts for the failure of the defendants' car to resume the south wheel-track after passing the end of the stone piles, it being shown that the driver of defendants' car had been using this pike daily for some time preceding the accident.

The weight of the evidence seems to be that the inside front wheels of the two cars came together almost squarely; and it is quite possible that the defendants' driver in an effort to avoid the hole in the culvert misjudged the distance the few inches that would have been necessary to have averted the collision.

The lights on both machines were in operation, and the glare of the lights on the Carrithers car would undoubtedly have assisted in such error of judgment on the part of defendants' driver in seeking to avoid the hole in the culvert.

Plaintiff and her witnesses place all the negligence causing the accident on the driver of defendants' car, and defendants and their witnesses place it all on the driver of the car in which plaintiff was riding; and, it is possible that the weight of the evidence is on defendants' side. But, the jury accepted the plaintiff's version of the affair, notwithstanding the fact that the case was tried in the county of defendants' residence, while plaintiff and her mother and her nephew and Carrithers, the driver of the car in which plaintiff was riding, all resided in an adjoining county; and we are not disposed to hold that the jury was wrong.

There is ample evidence in the record to uphold a verdict for the plaintiff, and we cannot say that the verdict is palpably against the weight of the evidence.

2. Appellants criticize the instructions freely, even down to the point that in stating the limit of recovery, the court omitted to place a dollar mark before the figures; but the only objection which seems to us to have sufficient weight to require mention here is the refusal of the court to give instruction B, requested by the appellants.

By this instruction, it was sought to inform the jury that if plaintiff's injuries were caused by the negligence

of Carrithers, they should find for defendants. Appellants contend it was error to refuse to give this instruction, apparently invoking the rule that both sides are entitled to instructions presenting their respective theories of the case. See L. & N. v. King's Admr., 131 Ky., 347; 115 S. W., 196; Pack v. Camden-Interstate Ry. Co., 154 Ky., 535; 157 S. W., 906; L. & N. v. Shoemake's Admr., 161 Ky., 746; 171 S. W., 383.

The whole trouble concerning this requested instruction arose as the result of the court giving Instruction No. 3 on request of the defendants, by which instruction the jury were told that it was the duty of Carrithers, in whose car plaintiff was riding, to operate same in a reasonably careful manner and at a reasonable rate of speed and to reasonably keep to the right of the center of the road in attempting to pass defendants' car.

This having been given, the plaintiff then asked Instruction No. 4, which was given, and by which the jury were informed that although they might find from the evidence that Carrithers was negligent, yet if they should further believe from the evidence that defendants' driver was also negligent and that plaintiff was injured as the direct result of his negligence, they should find against defendants.

3. Neither No. 3 nor No. 4 nor B had any place in this case. The issue in this case was whether the defendants, through the driver of their car, were negligent, and whether such negligence, if any, caused or contributed to the plaintiff's injuries. These things being found to be true, negligence on the part of Carrithers in driving the car in which plaintiff was riding, would not excuse the negligence of defendants, for even if Carrithers was negligent, and his negligence concurred with negligence upon the part of the defendants in causing plaintiff's injuries, she may recover from the defendants therefor. Paducah Traction Company v. Sine, 111 S. W., 356; 33 R., 792. Nor is the degree to which defendants' negligence contributed in causing the injury necessary to be determined. North Jellico Coal Company v. Trosper, 165 Ky., 417; 29 Cyc., 487.

In the light of this rule, the instructions given were really more favorable to the defendants than the law warrants, for under the instructions given the jury was required to find that the plaintiff's injuries resulted solely from the negligence of the defendants, rather than from

any concurring negligence of the defendants and the driver of the car in which she was riding.

A careful study of the instructions and evidence has resulted in the conviction that appellants have had a fair trial. The judgment is affirmed.