## Tente v. Jaglowicz.

(Decided December 15, 1931.)

DODD & DODD for appellant.

HITE H. HUFFAKER and JOHN MOREMAN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The automobiles of J. A. Jaglowicz and Mrs. Effie C. James came into collision at the intersection of Longest avenue and Cherokee parkway, in the city of Louisville. The streets each end at the intersection forming an elbow curve. Mrs. Margaret Tente, a guest in the car of Mrs. James, was seriously injured in the collision, and sued Jaglowicz to recover damages therefor. The plaintiff rested the asserted liability upon an allegation of negligence upon the part of the driver of the defendant's car in causing the collision and consequent injuries. The defense was a denial of the negligence alleged, coupled with a plea of contributory negligence upon the part of the plaintiff. The jury found a verdict for the defendant, and the plaintiff has prosecuted an appeal.

A preliminary statement of the facts is essential to an understanding of the contentions of the appellant. Mrs. James was driving her own car, and Mrs. Tente was riding on the front seat beside her. They were proceeding westerly along Longest avenue towards Cherokee parkway, and, as they approached the intersection with Cherokee parkway, Mrs. James saw the Jaglowicz

car coming towards her on Cherokee parkway. She pulled her car to the right side and stopped in the curve at a point between a tree and a telephone pole, near the curb, and practically in line with the center of Cherokee parkway. The Jaglowicz car was moving in the middle of the street and the driver was endeavoring to stop it. The brakes locked the wheels, but did not hold the car because of the ice on the street. Mrs. James thought she could get her car out of the way by stopping it near the curb. The other car did not stop. As it reached the intersection, it failed to turn to the right, as the driver desired, but continued to skid or slide straight ahead until the collision occurred. Mrs. James said the Jaglowicz car was going twenty or thirty miles an hour, and at the time of the collision her car was standing still. The weather was bad, and the street was covered with snow and ice. The running board on the James car was turned up, and the two fenders were mashed. Mrs. James was not hurt, but Mrs. Tente was seriously injured by the impact of the cars. The driver of the Jaglowicz car testified that he was coming down the street at a speed of about five miles an hour, when he applied the brakes in order to round the curve at the intersection. The car then began to slide. He turned the front wheels of the car, but the street was so icy as to prevent traction, and the car continued straight ahead until it collided with the James car. Mrs. James was near the end of the street, and the Jaglowicz car was moving down grade. When the driver applied the brakes, the wheels locked, the car began sliding and continued sliding in a direct line until it was stopped by the collision. Mrs. Jaglowicz was riding in the car, and corroborated the driver as to the facts just related. The only injury to the Jaglowicz car was the bending of the front fenders down against the tires.

A witness standing on the sidewalk near the intersection observed the accident. He stated that Mrs. James stopped her car near the curb, and it was standing perfectly still when the collision occurred. The Jaglowicz car was moving at a speed of twenty miles an hour or less. He emphasized that it was moving slowly. The wheels locked and the car slid forward on the ice and packed snow. While the car was sliding slowly the front wheels were cut to the right to make the turn at the intersection, but, instead of turning, the car continued sliding straight to the James car. The witness stated

that the car was not skidding to the side, but was sliding forward along the street. The damage to the cars was merely a bending of the fenders on each of them.

The appellant asks a reversal of the judgment on four grounds thus succinctly stated by her counsel:

(1) That the duties of the driver of a moving car and the duties of the driver of a car that is stopped to avoid collision with the moving car are not reciprocal, and to this extent instruction No. 1 of the lower court is erroneous.

(2) That the negligence of Mrs. James, driver of the car in which appellant was a guest, was not an issue in the case either from the pleadings or proof, and the trial court erred when it instructed the jury that the negligence of a third party could prevent a guest from recovering.

(3) That the skidding of a car is in itself an act of negligence, and the burden of proof is upon appellee to rebut the inference of negligence arising from proof of that fact.

(4) That the jury found the collision was an unavoidable accident when no such issue was made by the pleadings or presented by the proof, and, since the verdict was not responsive to the issues submitted to the jury by the instructions, it was a void verdict.

Instruction No. 1 defined the duties of the drivers of both cars. It was not necessary in this case to define the duties of Mrs. James, for if she was negligent in any respect, such negligence could not be attributed to her guest. But the jury did not excuse the defendant because of any failure of duty on the part of Mrs. James. The verdict expressly found that the accident was unavoidable, which was tantamount to a finding that Mrs. James was free from fault. Clearly a finding that Mrs. James was free from fault excludes any notion that the jury attributed to the guest any possible negligence of Mrs. James in failing to observe any of the reciprocal duties defined by the instruction. Although a car is standing still at the moment of a collision, it may nevertheless be in operation within the meaning of the law, and ordinary care for human safety must be exercised under all circumstances. Hardware Mutual Casualty Co. v. Union Transfer & Storage Co., 205 Ky. 651, 266 S. W. 362. The instruction, however, was not prejudicial

to the plaintiff. The facts were few and simple, and the jury was convinced that no negligence was proven. Hence the verdict not only exonerated the defendant, but it excused Mrs. James as well. It is vain to argue that the jury was confused by the instruction when its finding was so clearly expressed. In order that an incorrect or inapplicable instruction may require a new trial, it must appear that it was prejudicial to the substantial rights of the complaining party. C. & O. Ry. Co. v. Burke, 147 Ky. 694, 145 S. W. 370, Ann. Cas. 1913D, 208; Connelly v. C. N. O. & T. O. Ry. Co., 189 Ky. 123, 224 S. W. 670.

It is true that the negligence of the driver of the car in which Mrs. Tente was a guest was not an issue in the case, and the trial court might have omitted any reference to that matter. Hackworth v. Ashby, 165 Ky. 796, 178 S. W. 1074; E. P. Barnes & Bro. v. Eastin, 190 Ky. 392, 227 S. W. 578; Louisville Ry. Co. v. McCarthy, 129 Ky. 814, 112 S. W. 925, 19 L. R. A. (N. S.) 230, 130 Am. St. Rep. 494; Ray v. Ray, 196 Ky. 583, 245 S. W. 287; Consolidated Coach Corp. v. Saunders, 229 Ky. 284, 17 S. W. (2d) 233.

The liability of Jaglowicz depended solely upon a finding of negligence in the operation of his car proximately causing the injury, and, if the driver of his car was not negligent in its operation, as alleged in the petition and amended petition, the plaintiff could not recover against him. The instruction complained of did not excuse Jaglowicz for the negligence of his driver because of any negligence on the part of Mrs. James. In view of the facts involved in the situation, the court told the jury in substance that, if the plaintiff was injured solely by the negligence of Mrs. James, there was no liability therefor on the part of Jaglowicz. The instruction did not impute any negligence of the driver to her guest, but it excluded any liability on the part of Jaglowicz for the negligence of Mrs. James, if his own driver was free from fault. In cases of this character it is not advisable to instruct the jury negatively as to supposititious circumstances under which the defendant would not be liable. The entire issue is comprehended in a direct and simple instruction to find for the plaintiff if the defendant was negligent in any of the respects defined in the instruction, and to find for the defendant if such facts were found not to exist. Hobson, Blaine and Caldwell, on Instruction to Juries, sec. 40, p. 21;

L. & N. R. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S. W. (2d) 174. It is true that a similar instruction was approved in the case of Consolidated Coach Corp. v. Saunders, 229 Ky. 284, 17 S. W. (2d) 233. But the plaintiff in that case obtained a verdict in her favor, and the defendant was the complaining party. Here the situation is reversed, and the plaintiff is complaining. Instructions that are not prejudicial to a defendant might be prejudicial to a plaintiff, or even to a defendant under different circumstances. Illinois Central R. R. Co. v. France, 130 Ky. 26, 112 S. W. 929; Fidelity & Deposit Co. v. Com., 231 Ky. 346, 21 S. W. (2d) 452. In view, however, of the simple circumstances of this case, and in the light of the verdict of the jury, the instruction was not prejudicial to the plaintiff. The jury found that neither Mrs. James nor the driver of the Jaglowicz car was to blame, but that the accident was unavoidable. Hence the right of the plaintiff to recover against Jaglowicz could not have been affected by the instruction of which complaint is made.

It is argued that the skidding and sliding of the Jaglowicz car was itself such evidence of negligence, as to require the appellee to rebut it by proof. The car was not skidding to the side, but sliding forward. It is explained by the slippery condition of the street. The circumstances of an accident may indicate negligence, but, where the facts are explained and it is reasonable to believe that the accident resulted from the condition of the street, the inference of negligence may be deemed rebutted. Certainly ordinary care requires a driver of a car to consider the road on which he is driving, as well as the consequences likely to flow from carelessness. But it cannot be held as a matter of law that the operator of a car is necessarily negligent when it skids or slides on an icy street. The proper inferences from that fact are to be drawn by the jury. Linden v. Miller, 172 Wis. 20, 177 N. W. 909, 12 A. L. R. 665; Klein v. Beeten, 169 Wis. 385, 172 N. W. 736, 5 A. L. R. 1237; Osborne v. Charbneau, 148 Wash. 359, 268 P. 884, 64 A. L. R. 251; Williams v. Holbrook, 216 Mass. 239, 103 N. E. 633; Barrett v. Caddo Transfer Etc. Co., 165 La. 1075, 116 So. 563. In this case the sliding of the car was explained by the slippery condition of the street, and it was for the jury to say whether it was superinduced or accelerated by the negligence of the driver.

The criticism that the verdict for the defendant on the ground that the accident was unavoidable was beyond the issues is not justified. If the accident was not caused by the negligence of the defendant, or by the negligence of Mrs. James, it was an unavoidable accident in the sense that it occurred without negligence or fault on the part of any one. Galveston, H. & S. A. R. Co. v. Gormley (Tex. Civ. App.), 35 S. W. 488; Barnes & Co. v. Eastin, 190 Ky. 392. In view of the evidence and instructions of the court, the verdict of the jury clearly expressed a finding that the accident happened without negligence on the part of either of the parties involved in the collision of the cars. No objection was made to the form of the verdict at the time it was rendered, and indeed, we see no ground for objection upon that score.

The verdict was expressed in plain words, and clearly announced the conclusion reached by the jury.

The purpose in construing a verdict is to ascertain the intention of the jury as expressed thereby, and certainly in this instance no doubt could arise as to what the jury meant. It found for the defendant on the ground that no negligence on the part of his driver produced the plaintiff's injury. Cf. Pitts. C. & St. L. R. R. v. Darlington, 129 Ky. 266, 111 S. W. 360, 33 Ky. Law Rep. 818; Walter v. Louisville R. R. Co., 150 Ky. 652, 150 S. W. 824, 43 L. R. A. (N. S.) 126, Ann. Cas. 1914D, 441.

The judgment is affirmed.