**F. Clay MERRELL et al., Appellants,**

**v.**

**Howard BALL, Appellee.**

Court of Appeals of Kentucky.

May 22, 1964.

L. Lee Booth, Louisville, for appellant.

Norman A. Curtis, Louisville, for appellee.

PALMORE, Judge.

The appellants, F. Clay Merrell and wife, sued Howard Ball for personal injuries and property damage resulting from an accident in which their automobile was struck from the rear by an automobile driven by Ball. A jury found for the defendant. Plaintiffs say they were entitled to a directed verdict and a judgment n. o. v. and, if they are wrong in that respect, a new trial on the ground that one of the jurors failed to disclose on voir dire that her husband knew one of the witnesses.

The accident happened near the corner of 18th Street and Broadway in Louisville at about 11:00 o'clock on a cold winter night. It was snowing hard and the streets were covered with ice and snow. Both drivers were going north on 18th Street, and Merrell had stopped behind several other vehicles waiting for the traffic light at Broadway to change from red to green. We quote from Ball's testimony (which, of course, the jury was entitled to believe) as follows:

Q. "Was the whole street before you got to Broadway a sheet of ice or was there any particular difference in the coating of ice or the slickness up close to the intersection as back from the intersection?"

A. "It was slicker at the intersection there because of cars stopping and starting there. They had packed it down, and, of course, it was slicker than the rest of the streets."

Q. "And was Mr. Merrell's car—had it come to a stop before you tapped it?"

A. "I think so, yes sir. I couldn't say for sure."

Q. "Had you been following Mr. Merrell's car?"

A. "Yes sir, I was behind him."

Q. "And about how fast were you all going north on 18th Street before you came up to the light?"

A. "I would say probably ten to fifteen miles an hour at the fastest."

Q. "And when you approached the light did you see the red light?"

A. "Yes sir."

Q. "Did you do anything with reference to stopping your car as you got to the light?"

A. "I hit them—I put my brakes on gently. I have the power brakes, and then when I got up pretty close to him, well then, I did push them on, and it just locked all four of my wheels and just slid gently into him."

Q. "And about how fast were you going when you applied your brakes?"

A. "I would say four to five miles an hour."

Q. "That was the last time?"

A. "Yes sir."

Q. "Well, did you apply them more than one time?"

A. "Yes sir."

Q. "All right. Will you describe that? The first time you applied them what did you do to bring your car to a speed of four to five miles an hour?"

A. "Well, I just touched them slowly and, of course, decreased my speed."

Q. "And what happened when you applied them the last time?"

A. "They all four locked and just slid."

Q. "Now, was the impact a hard impact or—

A. (Interrupting) "No sir."

Q. (Continuing)—"a light impact?"

A. "Very light."

Q. "Did it damage your car any?"

A. "No sir."

■ We had occasion in the recent case of Jones v. Carr, Ky., —— S.W.2d —— (decided May 1, 1964), to consider at length the inferences to be drawn from the skidding of a vehicle on an icy road or street and to review the decisions of this court on the subject, including Tente v. Jaglowicz, 241 Ky. 720, 44 S.W.2d 845 (1931), wherein it was said:

"Certainly ordinary care requires a driver of a car to consider the road on which he is driving, as well as the

consequences likely to flow from carelessness. But it cannot be held as a matter of law that the operator of a car is necessarily negligent when it skids or slides on an icy street. The proper inferences from that fact are to be drawn by the jury. * * * In this case the sliding of the car was explained by the slippery condition of the street, and it was for the jury to say whether it was superinduced or accelerated by the negligence of the driver."

 As stated in Jones v. Carr, "That decision was and still is eminently sound." It applies to this case. We do not suggest that there cannot be a case in which the handling of a vehicle on a slick surface was so clearly imprudent as to constitute negligence as a matter of law. Under the evidence of this particular case it simply was not that obvious. Hence appellants were not entitled to a verdict and judgment as a matter of law.

 It appears from an affidavit in the record that during the course of the trial "one of the jurors, Ruth Fontaroff, talked with Dr. George McCrocklin in the hall outside the court room and that the substance of their conversation was that Dr. McCrocklin had been a student under Mrs. Fontaroff's husband at some time in the past."

Dr. McCrocklin, an orthopedic surgeon, had treated Mrs. Merrell following the accident. Though also subpoenaed by the defendant, Ball, he testified as her witness.

On voir dire the names of the witnesses had been announced, and some of the prospective jurors had been asked specifically if they were acquainted with any of them. The transcript does not indicate that Mrs. Fontaroff was asked if she knew any of the witnesses, but even if she had, there is nothing to suggest that she had ever heard of Dr. McCrocklin before or had been aware, prior to the casual conversation with him, that he was a quondam student of her husband's. Conceding that

in some cases a juror's failure to reveal pertinent information on voir dire may be presumptively prejudicial, we find no reasonable basis for so finding in this instance. It is not contended that the conversation itself was prejudicial in fact. Cf. Potts v. Krey, Ky., 362 S.W.2d 726 (1962).

The judgment is affirmed.