**Norman F. NORTON and Commonwealth of Kentucky Department of Highways, Appellants,**

v.

**Wilma HUGHES, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1966.

Rehearing Denied Dec. 9, 1966.

Jackson W. White, Denney, Landrum, White & Patterson, Lexington, Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Phillip K. Wicker, Highway Dept., Somerset, for appellants.

C. Homer Neikirk, Somerset, for appellee.

MOREMEN, Judge.

Appellant, Norman F. Norton, brought suit for damages for injuries received in an automobile accident on Highway No. 80 in Pulaski County some four miles from Somerset. He was traveling west to Somerset and appellee, Wilma Hughes, was traveling east and down hill at an estimated speed of forty miles an hour to her home which lay a few miles beyond. The accident occurred about 10:30 a. m. The day was clear and cold and the sun was shining. The hill is generally called Sugar Hill; it is rather long and contains several curves. Appellant testified that he first saw appellee's car about 150 to 200 feet ahead and it was in a skid or slide. He thought the car would skid over an embankment to its right, but as it drew near him it changed its course, spun to his side of the road and collided with his car. Appellee could give no clear explanation as to what caused the accident except to say that when

she began the descent of this ¼-to-½-mile decline in the hill she was traveling at a speed of about forty miles an hour and when she came to the two curves she slid on the highway and lost control of the car.

The case was submitted to the jury under proper instructions and it found for the appellee defendant.

On this appeal it is argued that appellee was negligent as a matter of law in operating her automobile and therefore the trial court erred in refusing to give appellant a peremptory instruction. This argument requires that we give some description of the highway and the condition under which travelers on the road were operating their vehicles, and the information which the parties had of that condition.

Appellee, Mrs. Hughes, lived east of Somerset. One morning at about 8:30 she took her sick boy to town to a doctor's office. She testified that it was cold and there was snow on the ground from her house to Somerset, but the only icy spot on the road was the one where she had the accident. She stated that there was no ice on her side of the road going into town and on the return trip to her home there were no icy spots until she got to Sugar Hill. She explained that when the accident happened "I turned around these two curves coming down the hill and really all I know I just slid on the ice and lost control of my car." Other witnesses confirmed her statement that the only ice on the road was at the spot where the accident happened. When questioned as to whether she knew there was any ice on the road before she struck it, she testified: "As I came into town it seems like I kindly remember seeing some ice on the road but I had a sick boy in the car with me and I wasn't worried about the road."

Appellant contends that under the rules of law announced in Jones v. Carr, Ky., 382 S.W.2d 853 (1964) he was entitled to a peremptory instruction because appellee, under the facts shown, was negligent as a matter of law. In that case the Court reviewed previous opinions of this Court which dealt with the matter of inferences that properly could be drawn from the fact that a party had skidded on an icy highway. Some opinions had indicated that it was a matter of common knowledge that an automobile might skid on a slippery road without negligence in its operation.

In the Jones case we said:

"While our cases recognize, as a legal matter, that a jury may find the operator of a motor vehicle free of negligence when it skids on a slippery street or highway, it may be questioned that non-negligent skidding is a matter of common knowledge. The conclusion can only be reached under a specific fact situation. The implication of the statement is that skidding *ordinarily occurs without negligence,* whereas common experience suggests the opposite conclusion. This language stressed the probability of non-negligence, when the probabilities are the other way."

It was emphasized in the Jones opinion, however, that the rule in Tente v. Jaglowicz, 241 Ky. 720, 44 S.W.2d 845 (1931) which has been followed many times in other cases was eminently sound and stood for the proposition that it cannot be held, as a matter of law, that the operator of a car is necessarily negligent when the car skids or slides on an icy street or road and that the proper inferences from that fact are to be drawn by the jury. It was said:

"In a case of this kind we need only recognize that the nature of the occurrence constitutes circumstantial evidence from which an inference of negligence fairly may or may not be drawn. The issue of negligence is then in the case and remains in the case until properly decided by the court or the jury. It must be resolved by the jury *unless other circumstances* (and fair inferences to be drawn from them) *so clearly support or*

overcome the inference of negligence that reasonable minds could not differ about the ultimate conclusion."

It was also remarked that the opinion was not to be interpreted as foreclosing the right of either . plaintiff or defendant to a directed verdict under exceptional circumstances where reasonable men could not differ about the fair conclusion to be drawn from the facts.

 In the Jones case, the appellant, Mary Jones, a passenger in an automobile driven by appellee, Mary Carr, was injured when the Carr automobile skidded on an icy highway and collided with a truck. The Carr automobile had skidded twice on the highway prior to the time of the accident. At the crest of the hill defendant shifted gears from high to second and proceeded at a speed estimated at twenty to twenty-five miles an hour. Plaintiff, Mary Jones, testified that the automobile "gave a jerk when she changed gears, either that or she threw her foot on the brakes." It was held that a jury issue was presented by the facts in that case. We will not attempt to state or analyze the facts in the numerous cases cited in the Jones opinion, but in many of them it was held that the issue of negligence was properly submitted to the jury. The opinion discussed and criticized several cases where it was held that one party or the other was negligent as a matter of law. We see no need to re-discuss them. We believe the issue of negligence in the case at bar was properly submitted to the jury.

Finally it is contended that the trial court erred in permitting appellee's counsel to ask appellant if he had received payment of his hospital and medical bills and workmen's compensation benefits. The question caused a rather heated colloquy between counsel. The court at first indicated that the question might be proper and overruled the objection, but almost immediately, and before the witness had given an answer to any question, the court sustained the objection and the witness did not answer. We cannot see how this could in any way be prejudicial to appellant.

The judgment is affirmed.