## Slate v. Witt, By, Etc.

(Decided May 11, 1920.)

### Appeal from Warren Circuit Court.

1. Appeal and Error—Continuance—Absence of Counsel.—It was not error to refuse a continuance on account of the sickness and absence of counsel who had visited the scene of the accident and prepared the case, and with whom defendant had consulted in reference to his defense, where the issues were few and simple, and the trial was conducted by another member of the firm, who was a trial lawyer of fine ability.

2. Appeal and Error—Continuance—Absence of Witness.—Where defendant did not use due diligence to ascertain the testimony of a certain physician and have him present at the trial, it was not error to refuse an instruction on account of his absence, where the affidavit was read as the deposition of the witness.

3. Appeal and Error—Evidence—Automobile Accident—When Interrogation as to Other Accidents Not Prejudicial Error.—Where, in a suit for personal injuries growing out of an automobile accident, the defendant pleaded that the machine was driven by a careful driver, who was permitted to testify that the collision in question was the only one he had ever had, interrogation of witness as to other accidents, where his answers were not damaging, was not prejudicial error.

4. Damages—Excessive Verdict.—Where, in an action for injuries growing out of an automobile accident, there was evidence that one of plaintiff's ribs was broken, that the injury to her back was more serious, and that she suffered great pain, a verdict for $1,500.00 was not excessive.

BRADBURN & HARLIN for appellant.

GEO. H. GALLOWAY and SIMS, RODES & SIMS for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Alma R. Witt, an infant, suing by her next friend, brought suit against A. D. Slate to recover damages for personal injuries growing out of an automobile accident. From a verdict and judgment in her favor for $1,500.00, defendant appeals.

At the time of the accident, plaintiff, her younger sister and mother were in a Ford car on the Bowling Green and Scottsville turnpike, *en route* to Bowling Green. Plaintiff was driving, her sister was on the front seat next to her, and her mother was on the rear seat. While going down a hill they saw the Scottsville mail car approaching from the opposite direction. When they reached the Scottsville car, they pulled to the right and stopped for the purpose of getting the mail. While standing in this position, an Overland car owned by defendant and his son, driven by Porter Slate, and occupied by several members of the Slate family, ran into the rear of the Ford car. The testimony for plaintiff was to the effect that no signal of the approach of the Overland car was given, and that she did not know of its approach. There was also evidence that the Overland car was some distance away when the Ford car stopped, that the Overland car was moving rapidly, and that Porter Slate said that the accident was due to defective brakes. On the other hand, the occupants of the Overland car testified that the horn was sounded three times as the Overland car came over the hill, that they came down the hill at about the same rate of speed as the Ford car, and that while they were fifteen or twenty feet in its rear, the Ford car pulled to the right to pass the mail car, and, without any signal, stopped so suddenly that it was impossible to prevent the Overland car from running into it.

In addition to an instruction authorizing a verdict by nine of the jury, an instruction defining negligence, and a general instruction on contributory negligence, the court instructed the jury as follows:

1. "It was the duty of the driver of the defendant's car while driving immediately behind the plaintiff's car, and in reasonably close proximity to it, to use ordinary care to have said car under control and to avoid running into plaintiff's car, and it was also his duty when approaching or passing over the crest of a hill or other ob-

struction which obscured the view of the road to sound a timely warning of the approach of the car; and if the jury believe from the evidence that on the occasion of the injury, if any, to the plaintiff, that defendant's agent, in charge of and driving defendant's car, negligently failed to give such warning of its approach from the rear and failed to use such care in the control and operation of said car, but negligently and carelessly ran said car into the rear of plaintiff's car, and shall believe from the evidence that the plaintiff was injured as the direct and proximate result of such negligence if any, they will find for plaintiff the damages which they may believe from the evidence she has sustained, not to exceed $3,000.00, the amount sued for, and unless they shall so believe they will find for the defendant, and if they find for the plaintiff the measure of damages, if any, is such sum as they may believe from the evidence will fairly and reasonably compensate her for mental and physical suffering, if any of either, which has resulted, or which they may believe may reasonably be expected to result from said injuries, if any.

2. "It was the duty of plaintiff on the occasion complained of, if she knew or by the exercise of ordinary care could have known that defendant's car was close behind her car to warn defendant by some appropriate signal or gesture that she intended to stop her car, and if the jury believe from the evidence that on the occasion complained of plaintiff knew or by the exercise of ordinary care could have known that defendant's car was traveling close behind her own car, and stopped said car without sign or signal and defendant's car ran into plaintiff's car by reason thereof, then they will find for the defendant; however if the jury believe from the evidence that defendant's driver saw or by the exercise of ordinary care could have seen that plaintiff's car had been stopped or was about to be stopped, and failed to use ordinary care to stop his car and avoid a collision and negligently ran into the rear of said car and caused the injuries set forth in the first instruction, they will find for plaintiff."

There is no complaint of the instructions, it being conceded that they admirably present the law of the case.

The first ground urged for reversal is the refusal of the court to grant a continuance on account of sickness and absence of Judge Bradburn, who had visited the

scene of the accident and prepared the case, and with whom defendant had consulted in reference to his defense. In view of the fact that the issues were few and simple, and the trial was conducted by Judge Basham, a trial lawyer of fine ability and a member of the firm of Bradburn & Basham, we are unable to perceive how the refusal of the continuance on account of the absence of Judge Bradburn in any wise prejudiced the substantial rights of the defendant.

A continuance was also asked on account of the absence of Dr. E. N. Hall. In his affidavit for the continuance defendant swore that Dr. Hall, if present, would testify that he examined plaintiff immediately after the injury and found nothing the matter with her except that she was a little nervous. He further swore that Dr. Hall was not subpoenaed, because he did not know what he could prove by him until that day; and added that he could have Dr. Hall present at the next term of court, and that he could not get the full effect of his testimony unless he was present and testified orally before the jury and court. Though the continuance was refused, the court permitted the affidavit to be read as the deposition of Dr. Hall. It will be observed that to overcome his lack of diligence in failing to take the steps necessary to have Dr. Hall present at the trial, defendant stated that he did not know what he could prove by Dr. Hall until the day of the trial. The trial did not take place until about six months after the accident. In the meantime, defendant had abundant opportunity to ascertain what physicians treated the plaintiff, what their testimony would be and to arrange for the personal presence at the trial of any such physician whose testimony he desired. The affidavit does not disclose that any such efforts were made, and that being true the mere fact that defendant did not know what he could prove by Dr. Hall until the day of the trial did not dispense with the necessity of taking the necessary steps to have him personally present at the trial. Even though there was a failure of due diligence on the part of the defendant, the court permitted the affidavit to be read as the deposition of the absent witness. In view of this fact, the defendant certainly was not prejudiced by the refusal of the continuance.

Complaint is also made of the fact that the court overruled an objection to the following evidence given

by Porter Slate, who was driving the machine at the time of the accident:

"Q. Was it your car that hit Joe Spugnardi on the same pike about the same place that this was hit? A. I don't know that it was. Q. Do you know that it wasn't? A. I don't know that it was. Q. Was it your car that hit C. C. Cox up here on the square and nearly killed him. A. I don't know that either. Q. Were you driving when C. C. Cox was hit? A. I don't know."

It appears that defendant pleaded that, at the time of the accident, his machine was driven by a careful driver, and on his direct examination the witness was permitted to state that the collision in question was the only one he had ever had. Viewing the evidence complained of in the light of this fact, and of the further fact that the information elicited was not of a damaging character, we conclude that the action of the court in overruling the defendant's objection was not prejudicial to his substantial rights.

We find no merit in the complaint that the damages were excessive. While there was evidence to the effect that plaintiff's injuries were merely superficial, and produced only a slight nervous attack, there was substantial evidence that one of her ribs was broken, that the injury to her back was more serious, and that she suffered great pain. Manifestly, if her evidence be true, and the credibility of the witnesses was for the jury, a verdict for $1,500.00 was not excessive.

Without reviewing the evidence at length, we conclude that it was such as to make defendant's negligence and plaintiff's contributory negligence questions for the jury.

Judgment affirmed.