## Ingram v. Robinson.

(Decided June 5, 1923.)

### Appeal from Mercer Circuit Court.

1. Highways—Evidence Held to Sustain Finding Defendant's Truck Driver was Negligent.—Evidence that plaintiff's automobile had gone to the right side of the road near a fence and had come to a full stop at the time defendant's truck ran into it, when the truck tried to pass between the automobile and a wagon loaded with tobacco traveling in the opposite direction, with evidence that the truck was driven at a high rate of speed, was sufficient evidence of the negligence of the truck driver to sustain a verdict for plaintiff.

2. Trial—Question as to Insurance on Defendant's Truck Withdrawn Before Answer Held Not to Require Discharge of Jury.—In an action for injuries resulting from an automobile collision, the question asked by plaintiff's counsel as to whether defendant had insurance on the car, to which objection was sustained, and which was withdrawn by plaintiff's counsel before it was answered, was not so prejudicial as to entitle defendant to a discharge of the jury and a continuance of the case.

3. Trial—Instruction Held Not to Ignore Contributory Negligence of Plaintiff.—An instruction which, after stating to the jury the duty of defendant's driver and telling them that, if the driver failed to observe the duties and injured plaintiff's automobile, to find a verdict for plaintiff, unless they believed the plaintiff was negligent in the sense that he failed to exercise that degree of care for his own safety which a person of ordinary care and discretion usually exercises under similar circumstances, and his failure contributed to and caused the injury he complained of was not objectionable as failing to present the issue of contributory negligence.

JOHN P. HASWELL and C. E. RANKIN for appellant.

E. H. GAITHER and J. E. ROBINSON for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

A large truck owned by appellant, Ingram, was driving on the Danville-Lancaster pike when it ran into and demolished an automobile owned by appellee, Robinson. Appellant insists that his agent who operated the truck was not negligent but that appellee, Robinson, brought about the collision through his want of care. The jury returned a verdict for $500.00 in favor of Robinson, and Ingram appeals.

Appellant insists that the judgment should be reversed because (1) the verdict is not sustained by the evidence; (2) reference was made by counsel for appellee to indemnity insurance on appellant's truck; (3) admission of evidence of a proposed compromise, and (4) failure of the court to correctly give the whole law of the case.

The verdict is not contrary to either the law or the evidence as we view the record.    Not only appellee, Robinson, but two or three other witnesses testified that the collision between the truck and the car was occasioned by the driver of the truck moving his car too rapidly without due consideration for other persons and vehicles upon the highway. The automobile, according to the weight of the evidence, had drawn to the right of the road near the fence and had come to a full stop at the time the truck came along in the middle of the road and tried to pass between the automobile and a wagon loaded with tobacco traveling in the opposite direction, both of which had pushed as near their respective sides of the road as possible. Part of the evidence tends to show that the truck was driven at a high rate of speed, while there is other evidence tending to show it was going very slowly. This was a question of fact for the jury. The evidence was sufficient to sustain the verdict.

In the course of the examination of a witness plaintiff's counsel asked: "Have you an insurance policy on this car?" Counsel for the defendant objected and immediately counsel for plaintiff withdrew the question. Counsel for appellant moved the court to discharge the jury and to continue the case.    The trial court, after hearing argument of counsel, properly ruled, "Inasmuch as the question was immediately withdrawn in the presence of the jury, and the attorney avowed it was not intended to prejudice the jury," the motion to discharge

the jury be overruled. Had the court overruled the objection and allowed the witness to answer, the error would have been so prejudicial as to require a reversal of the judgment if the answer was in the affirmative. But the prompt withdrawal of the question by counsel for appellee justified the trial court in overruling the motion to discharge the jury and to continue the case.

There was no evidence of consequence offered by either side concerning an attempted compromise between the parties before the bringing of the action, and appellant's ground, based upon the assumption that such evidence was introduced and that the rights of his client were prejudiced thereby, is without foundation in law or fact.

We have examined the instructions given by the court and do not find them subject to the criticism which counsel for appellant undertakes to make. So far as we are able to judge, instruction No. 1 does not assume that the truck ran into the automobile at a time when the automobile was not in operation; neither is the instruction incomplete because, as contended by appellant, it fails to present the law of contributory negligence to the jury. After stating to the jury the duty of the driver of the truck in passing the automobile and the wagon loaded with tobacco, and telling the jury that if the truck driver failed to observe the duties required of him and injured the plaintiff's automobile, to find a verdict for the plaintiff, it continues: "Unless you shall further believe from the evidence that the plaintiff, John C. Robinson, was himself guilty of negligence in the sense that he failed to exercise that degree of care for his own safety which a person of ordinary care and discretion usually exercises under the same or similar circumstances, and by reason of such failure, if there were such failure, he contributed to and caused the injury of which he complains and but for which the automobile would not have been struck." Upon the whole we think the instructions presented the law governing the case.

Finding no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.