## Dawson v. Shannon.

(Decided October 2, 1928.)

### Appeal from Johnson Circuit Court.

1. Automobiles.—Admission of evidence that defendant, in action for injuries to pedestrian struck by automobile, was in the habit of drinking, held, in view of evidence that at such time defendant was entirely sober, to constitute prejudicial error.

2. Appeal and Error.—Where evidence is improperly admitted which may have influenced jury and may have prevented fair trial of the issues in the case, the court cannot hold that admission of such evidence is harmless.

3.   Damages.—It is immaterial that pedestrian suing for injuries when struck by automobile was poor or that defendant was man of means.

TOBE WILEY and TURNER & CREAL for appellant.

BLAIR & HARRNIGTON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Mrs. Ora Rule Shannon brought this action against Elmer Dawson to recover damages for injuries sustained by her when she was struck by an automobile owned and driven by him.   In the circuit court she recovered $1,000. Dawson appeals.

The collision occurred on a street in Paintsville 35 feet in width.. Mrs. Shannon was crossing the street as Dawson was coming up.   According to the proof for the plaintiff she might have been half way across the street or she might have been one-third of the way across the street when Dawson blew the horn, and about the time he did this she stopped all at once, and the car hit her.   On the other hand, the proof for Dawson is to the effect that she was more than half way across the street; that to give her notice of his coming he blew the horn, and, when he did this, she stepped back in the line of the car and so close to it that, before he could check the car, she was struck.   Dawson was on the right side of the street, and she was crossing from the right to the left side.   The evidence was very conflicting.   The proof for the plaintiff was that Dawson was running about 25 miles an hour. The proof for the defendant was that he was running about 10 miles an hour.   On the trial of the case these questions and answers occurred on the direct examination of Ed Conley, a witness for plaintiff:

"Q.   Did you smell the odor of whiskey or any other intoxicating drink there about the car?   A. Well, I don't know if I did or not.
"Q.   What is your best recollection about it, Ed? A. I believe I did smell something that smelled kind of like intoxicating drugs or something."

On his cross-examination, the witness said this:

"Q.   You don't tell the jury that whatever you smelled you smelled on Elmer Dawson?   A.   No, sir."

Mrs. Lewis Conley, a witness for plaintiff, said that she smelled whisky there and another witness for plaintiff testified that he smelled whisky about the car after it stopped. On the other hand, the defendant proved by a number of witnesses that he was entirely sober and had taken nothing that day. After this proof was given, Frank Conley, who had testified that the defendant in his judgment was sober, on cross-examination, was asked this:

"Q. I will get you to tell the jury whether or not Mr. Dawson was in the habit of drinking, or was along about that time? (Counsel for defendant objects, which objection the court overrules, to which ruling of the court counsel for defendant excepts.) A. Well, Mr. Dawson drinks some, I suppose."

Redirect examination:

"You do tell the jury he was not drunk on this occasion? (Counsel for plaintiff objects, which objection the court sustains.)"

In City of Madisonville v. Stewart (Ky.) 121 S. W. 423, where like evidence was offered and refused by the court, and this was relied on as an error, the court said:

"There is no just ground for the complaint made by appellant that the trial court erred in refusing to permit them to prove that appellee had the habit of drunkenness. Such testimony would have been incompetent. It was sufficient and proper to show, if it could be done, that appellee was drunk when he received his injuries. Appellant was allowed to introduce all the evidence on that question it offered, but further than this it could not legally go."

To same effect see C. & O. R. R. Co. v. Riddle, 72 S. W. 22, 24 Ky. Law Rep. 1687; 22 C. J. 470; 10 R. C. L. p. 947.

The court is unable to say that the admission of this evidence was not a prejudicial error. The weight of the evidence showed that Dawson was entirely sober. A number of other persons gathered around the car after the accident. So the fact that there was some smell of whisky there after the accident was not contradictory of the testimony of the defendant that he had taken no whisky and was entirely sober. The testimony that he

was in the habit of drinking, coupled with the testimony of the smell of whisky about the car, may have had no little effect with the jury. A man who is drinking is not as careful as a sober man, for drinking dulls all the faculties; and this testimony might have had effect with the jury in weighing the evidence as to the care which was exercised by Dawson. When evidence is improperly admitted which may have influenced the jury and may have prevented a fair trial of the issues in the case, the court cannot hold the admission of the evidence harmless to the defendant. L. & N. R. R. Co. v. Frazee, 71 S. W. 437, 24 Ky. Law Rep. 1273; L. & N. R. R. Co. v. Payne, 133 Ky. 539, 118 S. W. 352, 19 Ann. Cas. 294; C. & O. Ry. Co. v. Wiley, 134 Ky. 461, 121 S. W. 402; Commonwealth Life Ins. Co. v. Thornton, 180 Ky. 472, 202 S. W. 887; Louisville Auto, etc., Co. v. Irvine, 212 Ky. 61, 278 S. W. 149.

It is immaterial that plaintiff was poor or that defendant was a man of means, and all facts introduced merely to show this should be omitted.

Judgment reversed, and cause remanded for a new trial.