## Consolidated Coach Corporation v. Saunders.

(Decided March 22, 1929.)

KEENON & HUGUELET and R. P. MOLONEY for appellant.

BECKHAM OVERSTREET for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, Sallie Saunders, on April 16, 1927, was traveling in an automobile on the highway between Louisville and Lexington, Ky., and in the late afternoon a bus of appellant and defendant, Consolidated Coach Corporation, collided with the rear of the automobile in which she was riding, resulting in the infliction of personal injuries to her, to recover damages for which she filed this action in the Jefferson circuit court. Upon a trial before a jury there was a ver-

dict in her favor for $2,000, to reverse which defendant prosecutes this appeal.

The vehicle in which plaintiff was riding at the time was going east and being followed by the bus. It was owned and driven at the time by Luther Mahan, and the occupants were the owner, plaintiff, Mrs. Mahan, and Mr. Saunders; the two ladies occupying the rear seat, and plaintiff sitting on the left side; the two gentlemen were on the front seat. The automobile party were intending to spend the week-end with Mr. and Mrs. Williams, who resided on Limestone street in Lexington; the latter being the daughter of Mr. and Mrs. Saunders. At about 6:15 p. m., and when on the highway nearly 2½ miles west of Lexington, a Ford machine traveling in the same direction was overtaken by Mr. Mahan and the defendant's bus was just behind him. According to plaintiff's testimony and that of a number of her witnesses, Mr. Mahan, who as we have said was driving the automobile, made a slight turn of the front wheels of his automobile to the left with the view of passing the Ford automobile that was in front of him; but he had scarcely done so when he discovered the approach from the opposite direction of another automobile, and he immediately turned the front wheels of his vehicle to the right and thereby abandoned his immediate purpose of passing the Ford. About the time he made the turn to regain his original position behind the Ford in front of him, defendant's bus, which we have said was following the Mahan automobile in which plaintiff was riding, collided with its rear and lifted its hind wheels off the ground and pushed it for a distance of from 50 to 75 feet, when it was cast to the extreme right of the highway, and the bus continued forward for a distance of 100 or more feet, when it stopped. The collision broke certain parts of the Mahan automobile and considerably jarred and shook up the travelers therein, injuring plaintiff severely and permanently in her left limb near to or in the ankle, by breaking some of the bones and spraining her right ankle as well as wrenching her back, from all of which she greatly suffered, and her left limb, which, according to the physician witnesses, is 50 per cent. permanently impaired.

The answer denied the negligence averred in the petition and interposed a plea of contributory negligence, which was denied by reply, and on this appeal practically all of the Code grounds for a new trial are

discussed in defendant's most lengthy brief; but we think the grounds urged for reversal may be classified as: (1) Refusal of the court to sustain defendant's motion for a peremptory instruction offered at the close of plaintiff's testimony and renewed at the close of all the testimony; (2) insufficiency of the evidence to sustain the verdict; (3) the admisson of incompetent evidence offered by plaintiff over defendant's objections and exceptions; (4) refusal of the court to sustain defendant's motion during the progress of the trial to discharge the jury and continue the cause, and (5) error in giving and refusing instructions—each of which we will briefly discuss and determine.

■ Grounds 1 and 2 are to be determined from all the evidence introduced and will be disposed of together. They are attempted to be sustained upon the theory that the entire testimony in the case failed to produce a scintilla of proof to sustain the charge of negligence alleged against defendant, and in argument in support thereof defendant's counsel discusses only the testimony of defendant's witnesses, some of whom testified that Mr. Mahan, in endeavoring to pass the Ford in front of him, got his car on the left side of and even with it, and with his car to the left of the center of the highway, at which time he discovered the approaching automobile going in the opposite direction and suddenly concluded to stop his automobile and resume his position behind the Ford that he was attempting to pass; that in doing so he gave no signal with the horn or otherwise of his purpose and intention; and that he checked the speed of his automobile and turned it in front of defendant's bus, which was still pursuing its course on the right side of the highway. In other words, it is argued that in making that maneuver Mahan negligently put his machine in front of the approaching bus, which was the sole cause of the collision. But even that argument, if true, did not necessarily exculpate defendant under the statutory and common law requiring careful operation of such vehicles on the highway, including regulation of speed, under all the circumstances, so as to avoid collisions; for if Mahan was guilty of the conduct so attributed to him, it was at least a question for the jury to determine whether the driver of the bus, in regulating its speed and in approaching so close that he could not avoid the collision, was or not negligent. The testimony was at least equal, if not preponderating, that the collision occurred in the manner

described by plaintiff and her witnesses, and which, if true, clearly established negligence on the part of the operator of the bus. So that, the court properly overruled defendant's motion for a peremptory instruction in its favor, and likewise properly overruled ground 2.

■ In discussing ground 3, learned counsel for defendant points out a number of insignificant and immaterial matters, which, if erroneous, could not possibly be considered as prejudicial, illustrations of which are: That plaintiff's counsel asked one of his witnesses: "Did the Blue Goose (defendant's bus) sound a horn? A. It did not." The objection made to that question is that it was leading, but we do not think so. The information sought to be elicited by the question could scarcely otherwise be inquired about. If, however, it were not so, then the error is too trivial to be considered as prejudicially material. Another item of testimony objected to under this ground was the statement *immediately* made by Mrs. Saunders that: "My back hurts so bad I can hardly stand up." In the first place the statement might properly be considered as a part of the res gestae; but, if not so, the circumstance under which it was made was that defendant's driver, after stopping the bus and forthwith returning to the Mahan automobile, inquired if anybody was hurt, and the answer was the above one made by plaintiff. Independently, however, of any such consideration, the remark bore only on the extent of plaintiff's injuries, and they were otherwise uncontradictedly proven; so that, if entirely erroneous and inadmissible, the statement could not be considered as prejudicial.

Other items of testimony complained of under this head might be similarly disposed of, but we do not deem it necessary to consume either time or space in considering them seriatim.

It is, however, strenuously argued under this ground that the court improperly admitted the introduction of an X-ray photograph of the lower part of defendant's left limb without introducing the physician who made it, contrary to the rule as discussed, and adopted in the cases of Ligon v. Allen, 157 Ky. 101, 162 S. W. 536, 51 L. R. A. (N. S.) 842; L. & N. R. R. Co. v. Briggs, 185 Ky. 676, 215 S. W. 529; Indian Creek Coal Co. v. Walcott, 168 Ky. 534, 182 S. W. 631; City of Covington v. Bowen, 191 Ky. 376, 230 S. W. 532; and others referred to in those opinions. In those cases there was no testimony to identify the erroneously introduced photographs as

one of the injured parts of the body that it was supposed to represent, and it was, in substance, held that without the testimony of the one who took it, so verifying it, it was prejudicially erroneous to introduce it, and to which doctrine we still adhere. But in this case there was a second and subsequent X-ray photograph made of the same injured limb, and which, with the exception of some minor particulars, showed the same character of injury, and the physician who took it testified that his experience was sufficient to enable him to swear that the first one taken was of the identical limb, since, according to him, the same bones of the human body are differently shaped and constructed in each individual, as are the features of their faces, and he testified that the first photograph was one of the same injured parts. In addition, plaintiff and others of her witnesses testified that the objected to photograph was taken of her limb, and that it was the same one that the doctor who took it immediately delivered to her and which she had preserved.

If, however, none of such reasons, or all of them together, were sufficient to remove the objections to the introduction of that photograph, then it cannot be considered as prejudicially material, since its only purpose was to prove the extent of plaintiff's injuries, and we repeat, the testimony was uncontradicted upon that issue and counsel on this appeal makes no sort of earnest attack on the amount of the judgment. Plaintiff's left limb was in different kinds of bracing plasters for more than six weeks, and it was a much longer time before she could even walk on crutches. Every physician who testified upon the subject said that the permanently formed callous around the fracture enlarged her left limb to a considerable extent and weakened and impaired its permanent use to at least 50 per cent., and which consequences did not take into consideration the averred and proven elements of damage of physical pain and mental anguish, and all of which seems to have convinced defendant's counsel of the futility of contending that the verdict was excessive. The extent and consequences of such injuries were fully established without the introduction of the objected to photograph, and, being so, its introduction, if considered as erroneous, could and did not operate to defendant's prejudice.

■ The foundation for ground 4 is that, during the examination of one of defendant's witnesses who was a passenger on the bus, he was asked with whom he had

talked about his testimony. In answering that question, he stated that he had talked to no one except defendant's counsel, but that after his return to his home in Scottsville, Ky., "I received a letter from the Insurance Company." He was immediately stopped at that point by plaintiff's counsel, who said: "We object to the insurance company being brought into it." And the court then stated in the presence and hearing of the jury: "No comment on that. Gentlemen of the jury, so much of the answer of the witness in which he said he got a letter from the insurance company, dismiss from your minds. We are not trying a case against the insurance company. Forget that such an answer was made." In view of what we said in the case of Ingram v. Robinson, 199 Ky. 631, 251 S. W. 655, the occurrence here relied on cannot be considered as prejudicially material. The witness was stopped before he said enough to indicate to the jury any connection with the case of any insurance company. For aught that appears from all that the witness said before he was interrupted, the letter he received from some insurance company may have related to an entirely different matter. If, however, it were otherwise, the admonition by the court under the ruling in the Ingram case forbids us from disturbing the verdict because of this alleged error.

The chief arguments made under this ground are: (a) That the court erred in not giving an instruction submitting the issue of contributory negligence on the part of plaintiff as an invitee in Mahan's automobile; and (b) in not properly submitting defendant's nonliability for any injuries plaintiff may have received on alighting from the automobile in which she was riding upon arriving at her daughter's in Lexington.

In disposing of argument (a), we feel that it is unnecessary to cite the numerous cases wherein we have held that an invitee riding in a vehicle driven by the owner or his servant or agent is not responsible for the negligence of the driver. While that rule is a well-established one, it is also true that such invitee may be guilty of contributory negligence under certain conditions and circumstances, as is illustrated in the cases of Slate v. Witt, 188 Ky. 133, 221 S. W. 217, and Barksdale's Adm'r v. Southern Railway Co., 199 Ky. 592, 215 S. W. 656. But in those cases the proven facts were such as to authorize the inference that plaintiff, although an invitee, had not exercised due care for her own safety.

In this case, however, there was not a scintilla of proof that plaintiff was guilty of any act of omission or commission upon which negligence on her part could be predicated. It was thoroughly established that she did not know of the proximity of the bus to the rear of the automobile in which she was riding; nor did she hear any signal from it. Neither did she suggest, or in any wise actively or passively acquiesce in, any action taken by Mahan who was driving the automobile in which she was riding. In other words, there was an utter absence of any testimony upon which a contributory negligence instruction against her could be based, and the court did not err in refusing to give it. The court, however, did tell the jury that if the collision was brought about *solely* through the negligence of Mahan, then the law was for the defendant and the jury should so find, and which was the only contributory negligence instruction to which defendant was entitled under the testimony adduced at the trial.

In considering and determining argument (b), it is necessary to state that in about 15 minutes after the collision, and upon the arrival of plaintiff at her destination, she attempted to get out of the automobile, and upon arising from her seat she became dizzy from her pain and nervousness (and which was uncontradictedly established) and fell a short distance from the floor of the automobile to the elevated pavement of the walk in front of the house of her son-in-law. She testified that her feet did not strike the walk upon that occasion, and there is no positive testimony contradicting her on that point. However, the preponderance of the testimony shows that her body did strike the walk as a consequence of her fall. The court told the jury in instruction No. 5, in substance, that it should find for defendant if it believed that all of the injuries of which she complained ''were received at a time and place other than the time and place of the occurrence of the collision;'' and it is the giving of that instruction to which this argument is directed. Perhaps the instruction was not accurately phrased, if plaintiff received additional injuries from the fall, and if the latter was not the proximate result of the collision that occurred some 15 minutes before. But, we repeat, it was not positively shown that plaintiff received any injury as a result of that fall, or any additional to those hereinbefore referred to which the preponderance of the testimony shows were produced

*at the time* of the collision. If, however, any additional injuries were produced by the fall and it was the proximate result of the collision, then manifestly the collision was the proximate cause of the injuries produced by the fall. We will not undertake in this opinion to discuss the somewhat confused and intricate questions of proximate cause and proximate result. The opinions and text-books are full of metaphysical distinctions in the discussion of those questions. But, after all, the courts appear to be in accord upon the conclusion that if the independent intervening cause is a responsible one and not immediately connected with the original one, then the producer of the latter will not be responsible for the consequences of the independent one.

The authorities and conclusions of the courts will be found in the cases of Stephens v. Stephens, 172 Ky. 780, 189 S. W. 1143; Nunan v. Bennett, 184 Ky. 591, 212 S. W. 570; and 45 C. J. 907, par. 481, and cases in note 52 on page 908, including a great number of other domestic cases. Without analyzing those opinions, or that text, and applying the facts of this case thereto, it is sufficient to say that the uncontradicted testimony in this case was, that the results of the collision were of such a nature as to be deceptive, and that plaintiff did not realize the extent thereof between the time of its occurrence and when she attempted to alight from the automobile about 15 minutes later, and that because thereof she was made to faint when she arose to alight and the fainting caused the fall. Under such circumstances, the results of the fall were clearly shown to be proximately produced by the collision occurring but a few minutes prior thereto, and which produced the conditions naturally and proximately resulting in the fainting, which in turn was the moving cause of the fall.

However, if it were otherwise and defendant would not be responsible for the injuries received by the fall because of an intervening responsible cause, then the court properly submitted that phase of the case to the jury in instruction No. 7 given on the measure of damages, wherein her compensation was confined to damages "resulting directly from the injuries received by her in the collision between the bus of the defendant and the automobile in which plaintiff was riding."

After a careful consideration of the entire record, we are forced to the conclusion that no prejudicial error was committed at the trial, and the judgment is affirmed.