## Consolidated Coach Corporation v. Saunders.

(Decided March 4, 1930.)

GARDNER K. BYERS and KEENON & HUGUELET for appellant.

BECKHAM OVERSTREET for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

Mrs. Sallie Saunders was injured when a bus of the appellant company collided with an automobile in which she was riding on April 16, 1927, and a judgment in her favor against the company was affirmed in Consolidated Coach Corporation v. Saunders, 229 Ky. 284, 17 S. W. (2d) 233. Her husband, the appellee, sued the company to recover for the loss of her services, companionship, and society, and for expenses incurred by him in the treatment of her injuries. The verdict of the jury was for $884 covering these expenses only, and from that judgment we have this appeal. Reference is made to the other opinion for a statement of the facts of the accident and injuries sustained by Mrs. Saunders.

On this trial substantially the same evidence was introduced, and most of the contentions now made were presented on that appeal and decided adversely to the company. While we agree with counsel that the decision in that case is not binding upon these parties or conclusive on this appeal, that is, that it is not covered by either the rule of the law of the case or res judicata, it nevertheless affords ample authority for the determination of the same questions now raised. The reargument does not convince the court that the conclusions there reached are wrong.

Without again stating the reasons, it is sufficient to say that no error was committed in refusing a peremptory instruction to find for the defendant company. The alleged errors respecting the instructions and the admission of evidence regarding the company's liability and the personal injuries sustained were likewise there disposed of. In so far as this case relates to the loss of consortium, we may pass the consideration of the errors alleged, since that basis of recovery is not involved on the appeal.

We have before us only questions of error respecting the claim and verdict for expenses incurred by the husband. It is argued that evidence of the extent of the wife's injuries and the damage to the automobile was not

competent; but, in connection with all the issues being tried, we cannot say that the admission of any of this evidence was error. With particular relation to the issue now involved, it is claimed that the evidence disclosed some of the physicians' bills covered X-ray photographs and physical examinations and other services rendered in connection with the trial of the wife's suit and should not have been admitted. While it is shown the physicians did testify in that case respecting the information gathered by them from those examinations, it is also stated by the witnesses that the examinations were made for purposes of diagnosis and treatment. Those expenses, therefore, were legitimate and proper items to be considered in this case.

On cross-examination of the appellee, it was developed that he was not at the time regularly employed and did not own any property. He was then asked if his wife owned any property, to which objection was sustained, and an avowal made that she owned some real estate. The refusal to permit this evidence is suggested as prejudicial error; but no authority is cited to support the argument. The husband was primarily liable for these bills whether his wife was financially able to pay them or not; and the pecuniary ability or inability of either of them was immaterial, and the evidence properly excluded. Shields Adm'r v. Rowland, 151 Ky. 822, 152 S. W. 943; Dawson v. Shannon, 225 Ky. 635, 9 S. W. (2d) 998.

It not appearing that any prejudicial error was committed on the trial of the case, the judgment is affirmed.