**CARNATION CO. v. DEVORE** and four
other cases.

Court of Appeals of Kentucky.
Oct. 24, 1952.

Terry L. Hatchett, Glasgow, for appellant.

James E. Gillenwater, Glasgow, for appellee.

MILLIKEN, Judge.

Carnation Company has appealed five separate judgments rendered against it in five individual actions arising from the same accident and which were consolidated for the purposes of trial.

On December 24, 1949, appellee, James H. Devore, drove his automobile on U. S. Highway 68 in Barren County, Kentucky, in the direction of Glasgow, accompanied by William Hayes, Oda Lee Hayes, Browne Hayes and Magnolia Hayes, all of whom are appellees. Immediately preceding the Devore car was a tank truck used in transporting milk, bearing the inscription "Carnation Milk Company" thereon, and being driven by A. W. Sensen. According to appellees' evidence, Devore sounded his horn and started to pass when the truck suddenly veered from its proper lane into the left lane, bringing a tire of the truck into contact with a fender of the car, thereby forcing the appellees off the highway, whereupon Devore lost control of his vehicle and careened into a ditch and against a concrete culvert, damaging his car and injuring himself and his passengers. According to appellant's evidence, there never was any contact between the two vehicles and its driver did not veer out into the highway from his right lane. The evidence concerning the tracks of the vehicles after the accident was contradictory as between the investigating officers whose findings supported the appellant's theory of the accident, and the witnesses who supported the appellees' theory.

The appellant earnestly insists that the judgments rendered against it should be reversed because: (1) The general demurrer to the petition in each case should have been sustained; (2) the motion of the appellant for a directed verdict should have been sustained; (3) the instructions offered by the appellant should have been given; (4) the instructions given by the court are clearly erroneous; (5) incompetent evidence was admitted for appellees. over. objection of appellant; (6) the verdicts are contrary to law and flagrantly against the evidence and the weight of the evidence; and (7) the damages awarded in each case are excessive.

The petitions in these five cases are practically identical. Devore's petition recited that:

> "The defendant by and through its duly authorized and empowered agent and driver A. W. Sensen of Campbellsville, Kentucky, operated one of the defendant's trucks in such a negligent manner as to cause the plaintiff to be forced to leave the highway and wreck his automobile."

■ It is appellant's contention that none of these petitions allege that the agent and driver was engaged in operating the truck in the scope of his employment at the time or place of the accident, or that he was performing any duty or work for his principal. We find that the petitions at bar adequately notified the appellant of the nature and origin of the actions against it. See Kelly v. Marcum, 272 Ky. 609, 114 S.W.2d 1102.

■ Appellant next contends that the court erred in overruling its demurrers to appellees' petitions because they put in issue the corporate existence of the Carnation Company. Appellant also contends that it was entitled to a directed verdict because the corporate existence of the Carnation Company was never adequately proved at the trial and the evidence clearly established that Sensen, the driver of the truck, was an employee of the Carnation Milk

Company and not an employee of the Carnation Company. The appellees originally instituted these suits against the Carnation Milk Company, but subsequently amended their petitions and altered the name of appellant to the Carnation Company, apparently having concluded that they had not sued the appellant in its proper name. An objection that a defendant is not sued in its correct corporate name cannot properly be interposed by a demurrer, but should be presented by an answer or affidavit in the nature of a plea in abatement, setting forth the misnomer and disclosing the defendant's true name, and where the defendant makes defense in the trial court on the merits and it is apparent that it was the corporation to be sued, it is estopped to complain that judgment was not rendered against it in its true corporate name, though it was sued under another name. Studebaker Corporation of America v. Dodds & Runge, 161 Ky. 542, 171 S.W. 167. As stated in 19 C.J.S., Corporations, § 1328(c):

> "* * * a mere misnomer of a corporation defendant in words and syllables is immaterial, and a judgment in the action will bind it if it is duly served with process or appears and does not plead the misnomer in abatement or file a plea of nul tiel corporation, or raises the objection by answer. The objection cannot be raised under the general issue. It is too late to plead misnomer of defendant corporation after the cause has been referred, after defendant makes default, or after judgment."

Appellant next urges that it was entitled to a directed verdict because there was no proof that Sensen, the driver of the truck, was its agent. This, too, is based on the misnomer of the appellant's corporate name, and requires no further comment except to say that the driver testified that he was acting in the course of his regular employment for the Carnation Milk Company.

Appellant also contends that the physical facts negatived negligence on the part of its driver. As hereinabove noted, the appellees introduced evidence that the tire tracks on the highway following the accident supported their theory, while the appellant introduced evidence which supported its theory. Under such circumstances, it was within the province of the jury to accept either version, and they chose to accept that of the appellees.

Appellant next contends that the instructions which it offered should have been given and that the instructions given by the court were erroneous. Much of this criticism is directed at the trial court's failure to include among the duties of Devore, the driver of the car, the duty to drive his automobile at "no greater speed than was reasonable and proper." The proof of the rate of speed Devore was traveling varies from 40 to 50 miles an hour. Neither party, however, averred or contended that speed bore any causal relationship to the collision. Every indication is that the accident would have occurred if the Devore car, while in the act of passing, had been moving at a slower rate of speed. The omission of an instruction regarding speed is not prejudicial error where speed could not have been the proximate cause of the accident. Lieberman v. McLaughlin, 233 Ky. 763, 26 S. W.2d 753; Knecht v. Buckshorn, 233 Ky. 329, 25 S.W.2d 727.

The appellant's complaint of the court's refusal to instruct as to the duty of Devore's guests to exercise care for their own safety is unjustified, because there is no evidence that the passengers were negligent or had exercised any control over the driver of the automobile. See Consolidated Coach Corporation v. Saunders, 229 Ky. 284, 17 S.W.2d 233.

Appellant next objects to the third duty outlined in Instruction No. 1, which is as follows:

> "3. It was his (Sensen, the truck driver's) duty not to pull to the left of the highway after James H. Devore in driving his car had started to pass until said Devore had passed, if you believe he did so attempt to pass."

It is appellant's position that its driver was authorized by law to travel in other than its own lane without showing that he was passing or forced out. This

contention is without merit in view of KRS 189.300(1, 2), which provide as follows:

"(1) The operator of any vehicle when upon a highway shall travel upon the right side of the highway whenever possible, and unless the left side of the highway is clear of all other traffic or obstructions and presents a clear vision for a distance of at least one hundred and fifty feet ahead.

"(2) The operator of any vehicle moving slowly upon a highway shall keep his vehicle as closely as practicable to the right-hand boundary of the highway, allowing more swiftly moving vehicles reasonably free passage to the left."

See, also, KRS 189.380.

The next contention is that the court erred in failing to give an instruction on the question of agency. Apparently this contention is also based on the misnomer of appellant's corporate name. Since appellant's own evidence is to the effect that the driver was the agent of Carnation Milk Company at the time of the accident, there was no issue to submit to the jury concerning the matter.

 The appellant next contends that incompetent evidence was admitted (viz., the introduction of the fender of the car), but it was shown by the testimony of James H. Devore that he had stored the fender with his father between the time of the accident and the trial, and that its appearance had not changed. The trial judge properly concluded that it was trustworthy evidence and hence admitted.

It is alleged that the damages awarded in each case are excessive. Without reciting further evidence, suffice it to say that the evidence was sufficient in each case to support the jury's findings. The damages awarded were in very moderate amounts except in the case of Magnolia Hayes, which amounted to $2,500, and the evidence reveals that she was severely injured and endured great pain and suffering. The surgeon described the cut to her scalp as so severe "her whole head was exposed" and the tissue had to be put back "in order for her to live" because it was so close to the brain.

A careful examination of the whole record is convincing that a fair and impartial trial was given to the appellant, that the verdicts reached were not flagrantly against the evidence, and that no prejudicial error occurred which would require a reversal of any of the five cases.

The judgments are affirmed.